MANNING T. SMITH, Plaintiff in Error, *v.* HIRAM M. TRIMBLE, and ELISHA LINDER, Defendants in Error.

### ERROR TO COLES.

If a non-resident is proceeded against by publication in a chancery cause, the court does not acquire jurisdiction over his person, unless a summons has been regularly issued, and returned by the sheriff.

The absence of a summons from the record, cannot be supplied by the return of a certificate of the clerk to a writ of *certiorari*, that there had been a summons which was lost, nor by the recital in the notice of publication, that it had been issued.

Upon a writ of error, this court looks only to the transcript of the record. If papers have been lost from the files or mutilated, they may be supplied in some cases by the Circuit Court upon satisfactory evidence, after a proper notice to the opposite party. This court has no authority to permit a party to supply, by proof, any part of the record.

When a bill is taken as confessed, the court may, in its discretion, require proof as to all or any portion of the allegations in the bill, and the evidence need not be preserved in the record, or it may render a decree on the *pro confesso* order without evidence.

A decree should ascertain the precise amount to be paid, and not leave it to computation.

IN July, 1859, a bill for injunction was filed by Trimble and Linder against Smith, charging that on the 1st day of January, 1857, they were indebted to Smith about two thousand dollars, being balance of purchase money for lands purchased by them of Smith, for which they gave their notes to Smith for about one thousand dollars each. That at that date, Trimble and Smith made a settlement of their individual indebtedness, and Smith was found indebted to Trimble in the sum of about $720, and Smith thereupon executed a written statement and delivered it to Trimble, showing the amount due, and containing mutual stipulations that said sum of $720 should be credited upon one of said joint notes.

The bill further charges, that Smith afterwards obtained a judgment upon the other note, for $792.52 costs, being the balance then due on said note; sued out execution and sold

part of said land, and became the purchaser; and that the time of redemption would expire in October, 1859. That before the levy of said execution on said land, Trimble had sold his interest in the land to Linder, the other complainant, and Linder accounted to Trimble for said sum of $720, as so much money paid on joint account, supposing said sum of $720 had been credited on said note.

The bill further charges, that said Smith did not credit said sum of $720 on said note, but assigned it before it was due for a valuable consideration, and the assignees had brought suit on the note.

The bill prays that Smith may be made defendant, and enjoined from recovering on his judgment more than shall remain after deducting $720 and interest, and that complainant Linder may redeem said lands by paying said remainder, and that the sheriff may be enjoined from collecting any more, and from making a deed.

The injunction was granted by the master in chancery, and publication made as in case of non-residence. But no copy of affidavit of non-residence of Smith is on record, nor was any summons issued against him, nor any appearance made by him.

At some time, not specified in the record, a decree *pro confesso* was rendered, and cause submitted for final decree. Whereupon the court decreed a perpetual injunction for the sum of $525, part of said sum of $720, and that Linder pay the balance of said judgment and costs, being the sum of $ to said Smith, or the sheriff of Coles county, within twenty days from rendition of decree, and that all proceedings by Smith or said sheriff, under said execution, be enjoined.

M. C. McLAIN, and JAMES C. CONKLING, for Plaintiff in Error.

C. H. CONSTABLE, for Defendants in Error.

WALKER, J. It nowhere appears, in this record, that a summons was ever issued, in the case. A copy is not given in the transcript, nor does the *pro confesso* order or final decree find that one was ever issued. It has been repeatedly held by this court, and it must be regarded as the settled practice, that there must have been a summons issued, and it must be returned by the sheriff, or the defendant must have entered his appearance, to sustain a decree against a non-resident defendant. If a non-resident is proceeded against by publication, the court does not acquire jurisdiction, unless a

11

summons has been regularly issued and returned by the sheriff. *Jacobs* v. *Smith*, 14 Ill. 359; *Randall* v. *Songer*, 16 Ill. 27; *McDaniel* v. *Correll*, 19 Ill. 226; *Chickering* v. *Failes*, 26 Ill. 507. The want of a summons in this case cannot be supplied by the return of a certificate of the clerk to a writ of *certiorari*, that there had been a summons, which was lost, nor by the recital in the notice of publication that it had been issued. We can look alone to the transcript of the record, nor have we any authority to permit the party to supply, by proof, any part of the record.

If any power exists to supply a portion of the record, it is in the Circuit Court, and not in this. We can only try the case on the record of that court. The Circuit Court has the power in some cases, and probably has in such a case as this, upon proper notice to the opposite party, and upon clear and satisfactory evidence, to supply any portion of the record which has been lost or mutilated.

It is insisted that the evidence upon which the court below acted, is not preserved in a bill of exceptions or by a certificate of the presiding judge. This bill was taken as confessed, and, consequently, the rule requiring the evidence to be preserved in the record, has no application in this case. When a bill is taken as confessed, the court trying the cause may, in its discretion, require proof as to all, or to any portion of the allegations of the bill, or render a decree on the *pro confesso* order, without evidence.

The decree should have ascertained the precise amount that was required to be paid, and not left it to computation. Had this been the only error in this record, the decree might have been modified in this court, but owing to the want of jurisdiction of the court below, over the person of the defendant, either by actual or constructive service, the decree of that court is reversed, and the cause remanded.

*Judgment reversed.*