JAMES SULLIVAN

*v.*

JOHANNA SULLIVAN.

1. SERVICE — *publication — appearance.* Where one of several defendants was non-resident and not served with process, and publication was made but fifty-nine days before the return term, and a motion was entered by the defendants to quash the summons, and nothing appeared to exclude the presumption that the non-resident defendant joined in the motion,— *held,* that there was a sufficient appearance to sustain a decree rendered at the return term.

2. MINOR DEFENDANTS — *guardian ad litem.* Where the record fails to show that a portion of the defendants are minors, an order appointing a guardian *ad litem* for the minor defendants, naming no person, is inoperative, affects the rights of no person, and cannot be objected to, however erroneous. If, however, it appeared that a portion of the defendants were minors, it would be otherwise.

3. PARTITION — *report of commissioners.* While the ninth section of the partition law requires the report of the commissioners, by which the land is divided, to be under seal, the eleventh section does not require a report that the land is not susceptible of division to be sealed ; and, when such a report is made without seals, it is not error to approve it and decree the sale of the property, if otherwise regular.

4. CHANCERY PRACTICE—*bill pro confesso*—*proof.* When a bill has been taken as confessed, against adult defendants, it is a matter of discretion with the chancellor, whether he will hear evidence in support of the allegations of the bill, and his action in regard thereto is not a matter subject to review on error.

5. COMMISSIONERS — *their appointment, oath and report.* Where the oath and report of commissioners to make partition bear date three days before the date of the decree by which they were appointed, although subsequently approved by the court, such acts held to be erroneous. It is by the appointment and taking the required oath under the statute that commissioners become vested with authority to act. They could not constitute themselves commissioners and perform the duties of such, nor should a court approve such acts. It is their appointment by the decree of the court which is the basis of their authority. Whether such acts may be questioned collaterally is not decided.

WRIT OF ERROR to the Court of Common Pleas of the city of Cairo; the Hon. JOHN H. MULKLY, Judge, presiding.

A statement of the facts of the case appears in the opinion of the court.

Mr. GEORGE W. WALL and Mr. S. P. WHEELER, for the plaintiff in error.

Messrs. ALLEN & WEBB, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding under the statute to obtain partition, or the sale of a lot of ground in the city of Cairo. The petition was filed by Johanna Sullivan against James, Daniel, John and Mathew Sullivan, and Mary Leary, and Thomas Leary, her husband. The petition charges, that Johanna is the mother of Jeremiah Sullivan, who died in May, 1861, seized of the premises, and left surviving him neither wife, child nor father, but left petitioner, and the defendants, except Thomas Leary, who had intermarried with his sister Mary, his heirs at law. That his brothers and his sister were severally entitled to one-seventh part, and petitioner two-seventh parts, his father being deceased at the time of his death, of the premises in contro-

versy.   It contains a prayer for partition, if it can be had with-
out manifest prejudice to the interests of the parties, and if a
partition cannot be made, that the property be sold under the
provisions of the statute.

It appears, that plaintiff in error was a non-resident when
the petition was filed; that a summons was issued, but not
served on him; but publication was made against him.  The first
insertion, however, was only fifty-nine days before the first day
of the term of the court to which the summons was returnable.
The court appointed a guardian *ad litem* for minor defendants,
but they are not named in the order, the guardian's answer, or
in any portion of the record.   A motion was entered by defend-
ants to quash the summons, and plaintiff entered a cross motion
for leave to amend.   Leave to amend was granted, and the
motion to quash was overruled.   On the 24th day of October,
1865, it appears that certain persons took an oath as commis-
sioners to make partition, and on the same day made and
signed their report, that the property was not susceptible of
partition, without manifest prejudice to the parties in interest.
On the 27th day of October, 1865, the bill was taken as con-
fessed, and the same persons who had already made and signed
their report were appointed commissioners to make partition;
and the order which appoints them recites that their report
was approved, and orders the sale of the property.   This writ
of error is prosecuted to reverse that decree.

It is insisted, that the court erred in rendering a decree
before all of the defendants were in court.  Plaintiff in error
was not before the court, either by service or by a sufficient
publication, as sixty days had not intervened between the first
insertion of the publication, and the first day of the term.   But
the record shows that defendants entered a motion to quash the
summons.  Plaintiff in error was one of the defendants, and
there is nothing in the record to exclude him as one of the
defendants who entered the motion, and he thereby appeared
to the proceeding.   The language imports that he did, and it
will ·bear no other construction, and he must be held to be
included in those who made the motion.

It is next insisted, that there was error in appointing a guardian *ad litem* for minor defendants, without naming them. This record fails to disclose the fact that any of the defendants were minors, and, in the absence of the fact appearing in some manner, we cannot perceive that the order had any effect whatever upon the rights of any person. It effected nothing, and operated as a mere nullity, concluding or binding no person. And, having prejudiced no person, it cannot be assigned for error. If, however, the record had, in any manner, shown, that any portion of the defendants were minors, then the order appointing a guardian *ad litem* might be reviewed. It should appear, not only that there were minor defendants, but that there was error as to them, before such an order will be reviewed.

It is likewise insisted, that it was error to approve and render a decree on a report of commissioners not under seal. The ninth section of the chapter entitled "Partition," requires a report, which makes partition, to be under seal. But the eleventh section, which provides for a report, in case the premises are so situated that a division cannot be had without manifest prejudice, does not require it to be sealed. The statute not requiring such a report to be under seal, it is not essential to its validity.

The petition seems to have been taken as confessed on a default. Where the defendants are adults, and permit the bill to be taken as confessed, they thereby admit the truth of the allegations of the bill, and the practice fully warrants the rendition of a decree granting relief, without proof, if the bill contains equity. If the court had reason to believe, or, from any cause, was apprehensive, that injustice was likely to result from granting the relief without proof, then it should be required. But this is a matter of sound discretion in the chancellor, and its omission or requirement cannot be assigned for error, unless the record discloses that the action has resulted in wrong to the defendants. When there are non-resident defendants, only served by publication, the court should be more inclined to require proof than in cases where there has been actual service.

We now come to the consideration of the only remaining

question. It is insisted that the court was not warranted in rendering a decree for the sale of the premises. The only ground we perceive for this objection is, that the oath of the commissioners, and their report, bear date three days previous to the decree by which they were appointed. They then took the oath, made the examination of the premises, and made out, signed and dated their report, before they had any authority to act. It is their appointment by the decree of court, which is the basis of their authority. After their appointment, and they have taken the oath required by the statute, then, and not till then, are they clothed with legal authority to act as commissioners. Whether such acts, approved by the court, can be questioned collaterally is not now before the court; but we are clear, that such action cannot be sustained in a direct proceeding for its reversal. They had no power to constitute themselves commissioners, nor should a court approve and adopt such acts. The statute requires their appointment before they can act, and its commands must be obeyed. For this error, the decree of the court below must be reversed, and the cause remanded.

*Decree reversed.*