## TIMOTHY CRONAN
*v.*
## JOHN FRIZELL, Admr.

1. DEFAULT, *effect of.* The rule is that a default admits all that is properly alleged, and no more. Hence, where a bill in chancery, to enforce a vendor's lien, omits to allege that the note was due and unpaid at the time of filing the bill, and default is taken thereon, the decree will be reversed on error; such an allegation is indispensable.

2. SALES WITHOUT REDEMPTION — *time allowed for payment of the money.* Where no redemption is allowed by law, the time fixed in the decree for the payment of money should not be less than ninety days, and a decree fixing the time at thirty days will be reversed.

3. DECREE PRO CONFESSO, *discretion of the court in requiring proof.* It lies in the discretion of the chancellor to render a decree on the order *pro confesso* without evidence, or to require proof as to all or any of the allegations of the bill, and the evidence need not be preserved in the record.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. B. B. SMITH, for the plaintiff in error.

Messrs. TANNER & CASEY, for the defendant in error

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the Jefferson Circuit Court exhibited by John Frizell, administrator of James Frizell, against Timothy Cronan, to enforce a vendor's lien.

Notice by publication was had on the defendant, a default taken against him, the bill taken for confessed, and a decree passed that the defendant be allowed thirty days in which to pay the purchase money due on the premises, and, in case of a failure on his part, it was decreed that the land be sold at public vendue, and a commissioner was appointed for such purpose, who was required to give four weeks' notice of the sale, and make report.

The commissioner reported the sale to John Frizell, and the report was approved by the court.

It appears, Cronan had executed a note to the intestate, due one day after date, for the sum of two hundred and thirty dollars and sixty-two and one-half cents, with interest at six per cent, and dated December 5, 1863. It was alleged in the bill that this note was given for the balance of the purchase price of the lands sold by the intestate to Cronan, on which a lien was sought to be enforced.

The cause is brought here by writ of error, and it is assigned as error, that the bill does not allege that the note was due and unpaid at the time of filing the bill; that the court did not allow sufficient time in which the defendant should pay the balance due. There was no evidence that the note described in the bill was given for the unpaid purchase money of the land.

The first error is well assigned. There is no allegation in the bill that the note was due and unpaid at the time the bill was filed, and the default admits nothing but what is properly alleged.

As to the second error assigned, it has long been the doctrine of this court, that in cases like this, where no redemption is allowed by law, the time of payment of money should not be less than ninety days. *Link* v. *Architectural Iron Works*, 24 Ill. 551; *Strawn* v. *Coggswell*, 28 id. 457; *Kinzey* v. *Thomas*, id. 502; *Claycomb* v. *Cecil*, 27 id. 497; *Moore* v. *Bracken*, id. 23; *Rowley* v. *James*, 31 id. 298; *Mills* v. *Heeney et al.*, 35 id. 173.

In view of these cases, the decree, fixing the time of payment at thirty days, was wrong, and for that reason it must be reversed.

The third error is not well assigned, inasmuch as the bill alleges the note was given for the unpaid purchase money, and the default admits it. *Frye* v. *Bank of Illinois*, 5 Gilm. 332.

Where a bill is taken for confessed, the court may, in its discretion, require proof as to all or any portion of the allegations of the bill, and the evidence need not be preserved in the record, or it may render a decree on the order *pro confesso*, without evidence. *Ferguson* v. *Sutphen*, 3 Gilm. 547; *Manchester* v. *McKee*, 4 id. 511; *Smith* v. *Trimble*, 27 Ill. 152; *Harmon* v. *Campbell*, 30 id. 25.

For the reason given, the decree must be reversed and the cause remanded.

*Decree reversed.*