JOHN J. VAN VALKENBURG  *et al.*

*v.*

TRUSTEES OF SCHOOLS, etc.

1. DECREE PRO CONFESSO—*discretion of the court in requiring evidence.* A party against whom a bill has been taken for confessed, can not assign as error that the proof does not sustain the allegations of the bill, it being a matter of discretion with the court whether it will require evidence to be produced.

2. JUDICIAL SALES *of land—when may be made en masse.* When an officer charged with the sale of land under a decree of court, offers the premises in separate parcels and receives no bids, it is not error to then proceed to sell the same *en masse.*

3. ERROR—*by whom assignable.* Parties against whom a decree was rendered sought to reverse the decree *in toto*, on the ground that there was error committed in rendering a decree against a co-defendant on whom there had been no service and for whom there was no appearance. The decree was not jointly against such person and the plaintiffs in error, and she was not bound with them to perform it, and the only interest she could have in the land in controversy, was a contingent dower interest: *Held,* that, under our practice, any error that might appear as to such person could not be taken advantage of by the plaintiffs in error.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. DINSMOOR & STAGER, for the plaintiffs in error.

Messrs. SACKETT & BENNETT, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to foreclose a mortgage, and the plaintiffs in error, together with other defendants in the court below, were defaulted, and a decree *pro confesso* rendered against each of them. The mortgaged premises were sold under the decree, and it is now sought to reverse it on the ground of numerous errors which, it is alleged, appear on the record.

It is insisted that the decree is not supported by the evidence. The bill was taken for confessed as against all the

plaintiffs in error, and under the construction uniformly given to the statute, the court could enter a decree even without evidence, and if the evidence was in fact heard, it is not indispensable that it should be preserved in the record.   In *Smith* v. *Trimble et al.* 27 Ill. 152, it was said that when a bill was taken as confessed, the court trying the cause may, in its discretion, require proof as to all or any portion of the allegations of the bill, or render a decree on the *pro confesso* order without evidence.   A party against whom a bill has been taken for confessed can not therefore assign as cause of error that the proof does not sustain the allegations of the bill.   It is a matter of discretion with the court, under our practice, whether he will require evidence to be produced. *Harmon* v. *Campbell,* 30 Ill. 25 ; *Sullivan* v. *Sullivan,* 42 Ill. 315 ; *Cronan* v. *Frizell, Admr.* 42 Ill. 319.

The objection that John J. Van Valkenburg was defaulted for failure to comply with a rule of court entered against him before he had been brought into court, does not seem to have any foundation in the record.   The order on him to answer by the first day of the next term, was made at the May term, 1866, and it is recited in the record that he appeared by his counsel in court on the day the rule was entered against him. It appearing affirmatively that he was present in court by his attorney, when the rule to answer was made, he can not complain that he was defaulted at the next succeeding term for want of an answer.

It is urged that the court erred in decreeing that the plaintiff in error, John J. Van Valkenburg, should pay a larger sum than was found due to the defendants in error by the master in his report.   This objection, like the one just noticed, has no foundation in fact.

The cause was referred to the master at the October term, 1866, and he reported at the same term that he found there was then due the sum of $963.69, and the court at that term decreed that he should pay the amount so found due, together with interest at the rate of six per cent per annum, within

thirty days. This was regular. The difficulty in the case arises from the fact that the decree was not actually written up and filed until the May term, 1868. The error insisted upon is, that it is recited in the decree that unless John J. Van Valkenburg shall pay the sum of one thousand and forty-four dollars and ninety-five cents within thirty days, the mortgaged premises should be sold. This sum on calculation will be found to be very near, if not the exact amount due, according to the master's report, and although it was an irregular way of stating it, the plaintiff in error was in nowise prejudiced by it. He was not required, as suggested by counsel, to pay $1044.95 with ten per cent per annum interest thereon from the date of the decree, or in default thereof the mortgaged premises would be sold. He was simply required to pay the sum of $1044.95; and it will be found that upon any calculation that can properly be made, this was less than was actually due at that date.

In the latter part of the decree the master is directed, in case the premises should be sold, that out of the proceeds he should pay the defendants in error the sum of $963.69, with interest at six per cent per annum, which was all that he in fact did pay them. Whatever informality there may have been in preparing the decree, there was no error that could work any injury to plaintiff in error, John J. Van Valkenburg. He could have avoided the sale by paying the amount found to be due by the master, with interest at the rate of six per cent. He was not required by the terms of the decree to pay any greater sum, and there was no substantial error in it in this regard.

It is also urged that as the premises were sold *en masse* there was error in confirming the sale. The premises were first offered by the master in separate parcels, and there being no bidders, the same were struck off *en masse* to defendants in error. On the authority of *Phelps* v. *Conover*, 25 Ill. 309, this was not error.

It does not appear that there was any service, actual or constructive, on Mary J. Brakey, who was made a defendant to the bill, and there being no appearance for her in the court below, the present plaintiffs seek to reverse the decree *in toto,* on the ground that there was error in rendering a decree against her. This we do not think they are authorized to do. They can not assign error on her behalf. When she complains we will consider the errors affecting her, if there are any. The decree is not jointly against her and either of the plaintiffs in error, and she is not bound with them to perform it. The only possible interest that she could have in the land in controversy would be a contingent dower interest. Under our practice the error that may appear as to her, can not be taken advantage of by plaintiffs in error. *Tibbs* v. *Allen,* 27 Ill. 119; *Greenman* v. *Harvey,* 53 Ill. 386; *Van Pelt* v. *Dunford et al.* 58 Ill. 145.

No substantial error appearing of which plaintiffs in error can avail, the decree must be affirmed as to them. ·

*Decree affirmed.*