# WILLIAM V. JACOBS

*v.*

# V. A. TURPIN.

1. TRUSTEE'S SALE—*time for paying bid.* On a trustee's sale of land, under a power in a trust deed, made late in the afternoon of Saturday, a party bid $2938, and the holder of the notes bid $10,070, and exhibited his certified check upon a bank for $10,000, and paid the amount of his bid on the following Monday: *Held,* on a contest between the bidders as to their rights to a deed, the sale being announced for cash, that the payment on the following Monday was a substantial compliance with the terms of the sale.

2. SAME—*when no money need be paid.* Where the holder of notes secured by deed of trust, becomes the purchaser of property at the trustee's sale, a mere indorsement of the amount of his bid on the notes will be a sufficient compliance with the power and terms of sale requiring it to be for cash.

3. RECEIVER—*powers of.* A receiver of an insurance company, holding notes given to the company and secured by deed of trust, has the rightful power to bid off the property to save a sacrifice. He succeeds to the rights of the company in this respect.

4. ERRORS—*party may not assign those not affecting him.* A bidder at a trustee's sale of property, under a trust deed which has been reformed for a mistake, can not assign for error any matter in the decree of reformation, or its directing a deed to be made without redemption, as he has no interest in these questions.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. BENNETT, KRETZINGER & VEEDER, for the appellant.

Messrs. HITCHCOCK & DUPEE, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

It appears, from the record in this case, that John Watson gave his promissory notes, for the aggregate sum of $40.000, to the Atlantic and Pacific Insurance Company, and that Paul Cornell executed a trust deed on certain real estate to secure the payment of the same.

The Atlantic and Pacific Insurance Company was put into liquidation by the Attorney General of the State, and the appellee, V. A. Turpin, was appointed receiver.

On the 2d day of February, 1875, Turpin, as such receiver, exhibited his bill of complaint in the Superior Court of Cook county to have the said trust deed reformed, and, by decree of the court in said suit, the trust deed was reformed, and the trustee was directed to sell the premises described in the trust deed in accordance with its terms as so reformed. At the sale made on the premises, in Hyde Park, Cook county, the appellant, William V. Jacobs, bid the sum of $2938 for all the tracts of land, amounting, in the aggregate, to thirty-four acres, and tendered the money on his bid. The receiver, Turpin, in his official capacity, bid the sum of $10,070. The sale was late in the afternoon of Saturday, June 5, 1875, and several miles from the city of Chicago. The receiver had in his possession, and exhibited to the trustee, a certified check on the City National Bank of Chicago for $10,000. The trustee struck off the land to the receiver as the highest and best bidder. On the next Monday morning, the receiver delivered the check to the trustee. Afterward, on June 10, 1875, the trustee filed in court his report of sale, stating that he announced the sale as a cash sale, but that the purchaser should have a reasonable time to pay over to him the money and to receive a deed; that Turpin was the highest bidder, and the premises were struck off to him; that, on the following Monday morning, Turpin, as receiver, paid over the money bid, and confirmation of the sale was asked.

Thereupon, the appellant, Jacobs, filed his petition in said cause, in which Watson, Cornell, and Turpin and one Williams, were original parties to the suit, setting up the facts stated, and praying to be allowed to become a party to the suit, and that the court should decree the trustee to make the deed to him, Jacobs, and not to Turpin, claiming that he, Jacobs, was entitled to become the purchaser, because he alone had the money in hand at the time of sale.

The court allowed the filing of the petition, and admitted Jacobs to become a party to the suit.

Upon hearing, the sale to Turpin was confirmed and the trustee directed to convey to him. Jacobs took this appeal from that decision.

Appellant insists that he was the only bidder for cash, in its strict sense, and that the power in the trust deed must be strictly pursued. We are of opinion that the power and decree were here substantially complied with. The sale was at half-past five o'clock on Saturday afternoon, and on the premises, several miles from the city of Chicago. The bidder, Turpin, exhibited a certified check on the City National Bank of Chicago for $10,000, his bid being $10,070. It could hardly be expected that a purchaser would have such an amount of actual money in hand, at the place of sale. The check produced the money on the following Monday morning. Under the circumstances, the allowing until the following Monday for the payment over of the money was but reasonable, and no essential departure from the terms of selling to the highest bidder for cash.

Besides, as the receiver was the holder of the notes of Watson, secured by the trust deed, and the sale was under the trust deed for the satisfaction of the amount due upon the notes, we do not perceive why a mere indorsement of the amount of the bid, as a credit, upon the notes, would not have been in sufficient compliance with the power. It was unnecessary to go through the formality of the receiver paying over the money to the trustee, and then the trustee paying it back into the hands of the receiver. The right to so bid off property in satisfaction of a debt would belong to the power of the receiver to collect the debts of the company. The act would be necessary and proper, in the exercise of such power, in order to make the most of property held in security for a debt, and prevent its sacrifice. We do not see why the receiver might not do anything, in this respect, that the company could have done to make the most out of its assets.

It is contended by appellant that the court below should have ordered a re-execution of the trust deed, as reformed, by Cornell and his wife. Without admitting the necessity of this, it is sufficient to say, this objection can not be raised by a stranger to the suit, who comes in merely to enforce a bid made. The same may be said as to the objection that the decree is erroneous in directing a deed to be made to appellee, thereby cutting off the right of redemption. Appellant has no interest in the right of redemption. Parties whose rights are foreclosed can alone raise this question. *Van Valkenburg et al.* v. *Trustees of Schools,* 66 Ill. 103; *Heberer* v. *Heberer,* 67 id. 253.

The judgment and order appealed from will be affirmed.

*Judgment affirmed.*