ELIZA NORTON ET AL.

v.

ALBION K. P. JOY.

</div>

1.   FORECLOSURE—CONFLICTING LIENS.—Defendant in error filed his bill for foreclosure, to which plaintiff in error, Norton, answered, asserting a prior lien under two mortgages, and praying that if the lots were sold according to the prayer of complainant's bill, such sale might be made subject to said prior mortgages.   The Water Power Company, another defendant, answered, and also filed a cross-bill setting up a lien for water-rent superior to all the mortgages.   The decree found the lien of the Water Power Company superior to all the others ; and the lien of plaintiff in error, Norton, superior to defendant in error; and ordered, in default of payment, etc., a sale of the lots, and payment first of the claim of the Water Power Company, and next that of defendant in error, the complainant in the cause.   *Held*, error.   The decree should have made provision for payment of the claim of plaintiff in error before that of the complainant, it being a superior lien.

2.   PROOF OF PRIOR MORTGAGE.—Although the record fails to show that any proof was made respecting the prior mortgages of plaintiff in error, yet the complainant's mortgage showing on its face that it was subject to such prior mortgages, and the decree so finding, this was sufficient to warrant a decree directing payment of her claims in the order of their priority over the complainant's.

3.  Sale subject to prior mortgages.—Although plaintiff in error by her answer only asked that the sale be made subject to her claims, yet at that time the cross-bill of the Water Power Company had not been filed, setting up a lien superior to both.  After the cross-bill was filed, it was not competent to order a sale under the original and cross-bill, subject to her mortgage; and hence the necessity, with or without a cross-bill on her part, for a court of equity to provide for her lien out of the proceeds of the lots covered by her mortgages, before any portion should be applied to payment of complainant's mortgage.

4.  Practice in chancery.—Plaintiff in error having filed her answer, was properly in court, and upon the filing by other defendants of a cross-bill setting up a lien superior to her as well as complainant, she was entitled to a reasonable time within which to answer the cross-bill, and it was error to proceed to a hearing and render decree upon the original and cross-bill the next day after the filing of the latter.

5.  Presumptions.—Without proof of release, payment or satisfaction in whole or in part of the mortgages held by plaintiff in error, the presumption would be that they were still subsisting and wholly unsatisfied.

Error to the Circuit Court of LaSalle county; the Hon. Edwin S. Leland, Judge, presiding.  Opinion filed June 17, 1880.

Messrs. Lewis & Hobert and Mr. H. T. Gilbert, for plaintiffs in error; that it was error to proceed to a decree without defaulting the defendants as to the cross-bill, cited School Directors v. School Directors, 73 Ill. 249.

The decree should have provided for payment of the Norton mortgages before complainant's: Kilgour v. Crawford, 51 Ill. 249.

Messrs. Blanchard & Blanchard, for defendants in error; that there was no error in proceeding to a decree without default upon the cross-bill as to the defendants therein, such defendants not appearing here to claim any error, cited Stene v. Wood, 85 Ill. 603; Pierson v. Hendrix, 88 Ill. 34; Dickerson v. Hendreys, 88 Ill. 66.

Generally in support of the decree: Nichols v. Thornton, 16 Ill. 113; Cooley v. Scarlett, 38 Ill. 316; Martin v. Hargardine, 46 Ill. 322.

Pleasants, J.   On the 16th of April 1874, defendant in error

filed his bill against Joshua Norton, Jr., and Elizabeth, his wife, Alfred Norton, Joshua Norton 3d, William Dickenson, The Brown and Norton Paper Co., Eliza A. Norton, Joseph S. Potter and William H. W. Cushman—the first two named as mortgagors, and the others as subsequent incumbrancers—to foreclose a mortgage of Dec. 10, 1867, for $2100, upon lot seven of river block, lots six and seven of water block, and another parcel of land described by metes and bounds, all in the Marseilles Land and Water Power Company's Addition to the Town of Marseilles, in said county of La Salle.

It set forth the proceedings in a suit instituted after the execution of said mortgage, to enforce certain mechanics' liens against a portion of said premises, but complainant was not a party thereto, and they need not be here more fully stated.

The defendants filed several answers. That of plaintiff in error, Eliza A. Norton, filed Oct. 14, 1875, set up two prior mortgages to her of said lot seven in said water block, to secure $2000 and $3000 respectively, alleged to be wholly due and unpaid, of which the latter had been duly assigned to her co-defendant, Joseph S. Potter, as collateral security for a note of $1500, also wholly unpaid; and asked that if said lot should be decreed to be sold "in accordance with the prayer in said complainant's bill, such decree should direct such sale to be made subject to the lien of said mortgages."

The Marseilles Land and Water Power Co. was afterwards also made defendant to the bill, by an amendment charging that it claimed some interest in the mortgaged premises or some portion thereof, and that the same was subsequent and subject to the said lien of the complainant.

Said company by its answer set up a lien upon said lots six and seven of said water block, for water rent under an agreement of lease with the mortgagor, executed prior to all of said mortgages, and on the 15th of Oct., 1875, also filed its cross-bill against said complainant and its co-defendants in the original bill, averring the same facts and praying relief in respect thereto as for a first lien.

Eliza A. Norton, Alfred Norton, Joseph S. Potter and the complainant in the original bill, severally answered said cross-

bill, denying its allegations; and replications were put in to all answers filed.

The appearance of the solicitor for the other defendants—who also appeared for the Land and Water Power Co.—was withdrawn, and the court proceeding to a final hearing upon the pleadings and proofs, without defaulting them as to the cross-bill, found by its decree of Oct. 16, 1875, that the complainant in the cross-bill held the first lien on said lots six and seven of water block for $650—that "the land records of said county show" the execution and recording of the two mortgages to Eliza A. Norton, and the assignment of one of them to Joseph S. Potter, as above stated—and that the mortgage to the complainant in the original bill was executed afterwards and secured the notes therein described, on which was found due for principal and interest the sum of $3,750.75, "subject only to whatever may be due, if anything, on said mortgages given to said Eliza A. Norton," and the said lien of said Land and Water Power Co., and ordered that the sums so found due to the complainants in the original and cross-bills respectively, be paid to them within ten days, and that in default thereof the master sell, first said lot seven, in said river block, and apply the proceeds to the payment of the said sum of $3,750.75, so found due to the complainant in the original bill, and then, out of the proceeds of the sale of the other lots first pay said Land and Water Power Co. the said sum of $650 found due to it, and a first lien on said lots, and out of the residue, if any, whatever should remain unpaid of the said amount found due to Joy, with interest and costs.

Eliza A. Norton sued out this writ of error; and at this term leave was given to said Joseph S. Potter, Joshua Norton, Jr., Joshua Norton 3d, and the administrator of the estate of said William H. W. Cushman, to join her in its prosecution.

Of these, the last three named had answered the original bill only. Their solicitor having afterwards assumed an antagonistic position by filing the cross-bill, to avoid the inconsistency, withdrew his appearance for them; but their answer was not withdrawn. They were therefore in court as to the cross-bill, though without process upon it, and being

charged by it with claiming some interest in the premises, were entitled to a reasonable time in which to make defense thereto. Yet a final decree was entered upon it, granting full relief to the complainant on the day next after it was filed, without any answer by them, or steps taken to put them in default for want of it. The case was not ripe for hearing, and the decree was therefore erroneous as to them. W. U. Tel. Co. v. P. & A. Tel. Co. 49 Ill. 93.

Nor do we see why it failed to make some provision to satisfy the liens held respectively by Eliza A. Norton and Joseph S. Potter, the other plaintiffs in error.

It is said their mortgages were not offered in evidence, nor was any proof made respecting them, as was necessary if they claimed anything under them, according to the case of Kilgour v. Crawford, 51 Ill. 251.

The record indeed shows no evidence presented except the exhibits filed with the bills and the recitals in the decree; but the mortgage to Joy filed as an exhibit, shows on its face that it was subject to claims of E. A. Norton, and the decree recites and finds as facts the execution and recording of the two mortgages to her, the assignment of one of them to Potter, their date, tenor and priority to that of Joy, and that they are shown by the land records of the county, which is sufficient. White v. Morrison, 11 Ill. 361; Ward v. Owens, 12 Id. 283; Nichols v. Thornton, 16 Id. 113; Cooley v. Scarlett, 38 Id. 318; Martin v. Hargardine, 46 Id. 324; McIntosh v. Saunders, 68 Id. 128.

Again it is said she asked only that if the sale were decreed it should be made subject to her mortgages, and that decree was so made. She asked this in her answer to the original bill, which set up a lien inferior to hers. A decree enforcing that lien could not affect hers, and the sale under it must have been subject to her mortgages if they were subsisting liens, whether she asked it or not.

But after that answer was in the cross-bill of the Marseilles Land & Water Power Co. was filed, setting up a lien superior to both, and the decree was made upon it as well as upon the original bill. It was not competent for the court to subject a sale under the cross-bill to her mortgages; and hence the

necessity in equity, with or without a cross-bill on her part, that her claim should be provided for out of the proceeds of the lot covered by her liens, before any portion of them should be applied to the payment of Joy. The decree recognizes the superiority of the lien of her mortgages to that of his, but directs the application of the proceeds, as between them, first to the satisfaction of his, and makes no provision whatever for hers.

Without proof of release, payment or satisfaction, in whole or in part, of her mortgages or of either of them, the presumption would be that they were still subsisting and wholly unsatisfied. The court should have ascertained the amount due upon them respectively, by computation or by a reference to the master, and directed the proceeds of lot seven of the water block to be applied in satisfaction of the several liens upon it of the Land & Water Power Co., Joseph S. Potter, Eliza A. Norton and Albion K. P. Joy, in the order of their priority, or brought into court for distribution, according to its further order. Kilgour v. Crawford, 51 Ill. 251.

For the errors above indicated, the decree of the circuit court is reversed and the cause remanded for further proceedings in conformity herewith.

<div align="right">Reversed and remanded.</div>