**James H. Rice Company, Appellee v. Michael J. Agnew, Administrator, Appellant.**

**Gen. No. 14,339.**

1. DECREES—*what not essential to sustain, entered pro confesso.* Evidence to sustain the allegations of a bill need not be required by the court where the decree is entered *pro confesso.*

2. BILLS IN AID OF EXECUTION—*extent of relief which may be awarded.* If the complainant in a bill filed in aid of an execution has a judgment lien subordinate to a prior mortgage and if the mortgagor is insolvent or of questionable responsibility and the mortgaged premises are insufficient security and the mortgage does not pledge the rents, the court may through the medium of a receiver apply such rents towards the satisfaction of the judgment lien.

3. RECEIVER—*when order appointing, need not convey title.* An order appointing a receiver of an estate real and personal, things in action, debts, equitable interests and other effects of the defendant, is ample to authorize such receiver to collect rents.

4. RECEIVER—*when failure to require bond not reversible error.*

No harm appearing to the defendant, *held*, that it was not rever sible error for the court to fail to require a bond from the complainant to the defendant.

5. DEFAULTS—*when motion to set aside properly denied*. A party moving to set aside a default is limited to his specified reasons for so doing and if such specified reasons do not justify the action requested, the court in denying the motion will be sustained.

6. DEFAULTS—*what does not require setting aside*. The mere showing of a meritorious defense does not require the setting aside of a default.

7. AMENDMENTS AND JEOFAILS—*who not entitled to notice*. A party duly served, who has not appeared, is not entitled to notice of an application for leave to amend.

Bill for injunction etc. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed March 22, 1909.

**Statement by the Court.** October 6, 1902, the James H. Rice Co. filed a bill against Joseph McJohn and Edward McJohn, averring substantially as follows: Complainant, September 7, 1902, recovered judgment in the Circuit Court of Cook county against the defendant, Joseph McJohn, for the sum of $1,801.60 and costs. Prior to the rendition of said judgment, Joseph McJohn was the owner in fee simple of lot 16, in block 63, in the Canal Trustees Subdivision of part of the southeast quarter of section 9, township 39 north, range 14 east of the third principal meridian, in Cook county, Illinois. September 20, 1902, execution was issued on said judgment, and, October 1, 1902, was delivered to the sheriff of said county to be executed. August 7, 1902, prior to the rendition of said judgment, but after the indebtedness for which the same was rendered had accrued, the defendant, Joseph McJohn, conveyed said premises, in fee, to the defendant, Edward McJohn. Said conveyance was made to defraud complainant and other creditors of said Joseph McJohn, and was without consideration, and said premises are now held by said Edward McJohn, in trust for said Joseph McJohn, and for the purpose of preventing a levy and sale by virtue of said execution. Said Jo-

seph McJohn has no property, except said premises, on which said execution can be levied, and although the sheriff has frequently demanded of said Joseph McJohn to turn out property for him to levy on, said Joseph McJohn has refused so to do. Said premises are improved with a three-story brick building, part whereof is occupied by said Joseph McJohn for carrying on the manufacture of show-cases, and the remainder is vacant. The judgment remains in full force and wholly unsatisfied. The prayer is for answer, without oath, the setting aside the conveyance from Joseph to Edward McJohn, an injunction and the appointment of a receiver, and for general relief.

October 8, 1902, the defendants, Joseph and Edward McJohn, were served with summons. March 2, 1904, complainant, by leave of the court, amended the bill, averring, in substance, that Joseph McJohn had, since September 17, 1902, transferred, by pretended sale, etc., personal property, with the intent to hinder and defraud complainant and other creditors, and naming Mitchell McCarthy and the Graham Manufacturing Company as persons to whom such transfer was made. November 30, 1906, another amendment was made, adding new parties defendant. April 25, 1904, Joseph and Edward McJohn were defaulted and the bill of complaint, as amended March 2, 1904, was taken *pro confesso*, as against them. January 31, 1905, an order was entered appointing William W. Johnston receiver of the estate and property of Joseph McJohn, and ordered that said Joseph and his tenants attorn to the receiver and pay to him the rents. April 7, 1905, Johnston, receiver, was discharged at his request, and Fred L. Devine was substituted as receiver. June 15, 1906, the death of Edward McJohn was suggested, and Michael J. Agnew, the appellant, administrator, with the will annexed, of said deceased, was substituted as defendant, and the heirs and devisees of said deceased were made defendants. September 21, 1906, Agnew, without leave of court, filed

an answer to the bill. October 4, 1906, Samuel Schweitzer filed a petition in the cause, averring, in substance, that, January 4, 1905, he filed a bill against Joseph McJohn in the Circuit Court of Cook county, to foreclose certain mortgage liens on the property in question, and such proceedings were had therein, that said court, June 15, 1905, decreed a sale of said premises, which sale occurred June 29, 1905, and petitioner purchased said premises and appurtenances and the rents thereof at said sale for the sum of $16,038.92; that the period of redemption from said sale expired September 29, 1906, and, there having been no redemption, a master's deed was issued to petitioner October 1, 1906. The receiver appointed herein has been in possession of said premises during the whole period of redemption, and has collected $60 rent, which petitioner claims belongs to him. Petitioner prays that the receiver appointed herein be ordered to surrender said premises to him, and, also, to pay to petitioner $60, for the rent of said premises for the month of October, 1906, collected by said receiver in advance.

October 4, 1906, the court entered an order as prayed in and by said petition. February 25, 1907, the appellant, Michael J. Agnew, moved the court to set aside the order of April 25, 1904, defaulting his testator, Edward McJohn, whereupon the complainant made a cross-motion for leave to withdraw the amendments to the bill, made respectively March 2, 1904, and November 30, 1906. The court granted the cross-motion of complainant and denied the administrator's motions. This left the bill as originally filed. By the order of April 25, 1904, the cause was referred to a master to take proofs and report on the law and evidence. July 3, 1907, the master filed his report, finding that the complainant was entitled to the relief prayed, and recommending a decree accordingly. December 17, 1907, the court rendered a decree overruling the exceptions of Agnew, administrator, to the master's report, and confirming the same. The court finds in

its decree that the conveyance from Joseph McJohn to Edward McJohn is fraudulent, and sets the same aside; finds the facts alleged in the petition of Samuel Schweitzer, and decrees accordingly, and finds that the receiver had collected, in excess of necessary disbursements, the sum of $1,583.45, and decrees that the moneys so collected, less $75, the reasonable charges of the receiver, be paid to complainant. The only party appealing from the decree is Michael J. Agnew, administrator. The record contains other matters than those above mentioned, which will be referred to in the opinion when deemed necessary.

THOMAS J. O'HARE, for appellant.

ALDEN, LATHAM & YOUNG, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Counsel for the defendant, appellant here, contends that the bill, being one in aid of an execution, the court was limited to setting aside the conveyance from Joseph McJohn to Edward McJohn, defendant's testator, and that the decree, in applying the rents in payment of the complainant's judgment, is unwarranted by the allegations of the bill, and is erroneous.

Edward McJohn and Joseph McJohn were served with summons October 8, 1902. They neither answered nor filed an appearance, and, April 25, 1904, more than eighteen months after service on them, an order was entered defaulting them and taking the bill, as amended, *pro confesso* against them, for want of an answer.

Section 18 of the act regulating chancery practice provides: "When a bill is taken for confessed, the court, before a final decree is made, if deemed requisite, may require the complainant to produce documents and witnesses to prove the allegations of his bill, or may examine him under oath or affirmation touching the facts therein alleged. Such decree shall

be made in either case as the court shall consider equitable and proper''. This section has been in force since 1845, and its construction is well settled.

In Van Valkenburg v. Trustees of Schools, 66 Ill. 103, it was insisted by a defendant, against whom the bill had been taken *pro confesso,* that there were numerous errors in the record, in respect to which the court say: ''It is insisted that the decree is not supported by the evidence. The bill was taken for confessed as against all the plaintiffs in error, and under the construction uniformly given to the statute, the court could enter a decree even without evidence, and if the evidence was in fact heard, it is not indispensable that it should be preserved in the record. In Smith v. Trimble et al., 27 Ill. 152, it was said that when a bill was taken as confessed, the court trying the cause may, in its discretion, require proof as to all or any portion of the allegations of the bill, or render a decree on the *pro confesso* order without evidence. A party against whom a bill has been taken for confessed cannot therefore assign as cause of error that the proof does not sustain the allegations of the bill. It is a matter of discretion with the court, under our practice, whether he will require evidence to be produced. Harmon v. Campbell, 30 Ill. 25; Sullivan v. Sullivan, 42 Ill. 315; Cronan v. Frizell, Admr., 42 Ill. 319''.

The court, on Edward and Joseph McJohn being defaulted, might have entered a decree against them without hearing any evidence. Mason v. Patterson, 74 Ill. 191, 195. It was admitted by them, in suffering default, that there was a valid judgment against Joseph McJohn remaining wholly unsatisfied, and that while the indebtedness existed for which the judgment was rendered, and before its rendition, Joseph McJohn, the judgment debtor, made a fraudulent conveyance of the premises described in the bill, to hinder and delay the complainant and other creditors; also, that said premises were the only property which

Joseph McJohn had, and that the sheriff had frequently demanded that he pay the judgment, or turn out property to satisfy it, which he refused to do. These admitted facts show that Joseph McJohn was insolvent. The property conveyed by him to Edward McJohn was the only property which he had, and while it was fraudulent as to creditors, it was good as between him and his grantee, Edward, and he could not use it in payment of his debts.

There is evidence that the premises fraudulently conveyed were insufficient to satisfy the complainant's judgment. The court, in the decree, found that Samuel Schweitzer was the holder of a mortgage superior in equity to the judgment, and that, June 15, 1905, in foreclosure proceedings in the Circuit Court of Cook county, a decree of sale was entered, and, in pursuance thereof, all the interest of Joseph McJohn in the premises was sold to Samuel Schweitzer, and a master's deed of the premises was delivered to him. A master's deed of the premises in question, of date October 1, 1906, was put in evidence, from which it appears that Samuel Schweitzer bid for the premises $16,038.92. There was, therefore, nothing left to apply on complainant's judgment except the rents accruing due pending the suit.

The complainant had a judgment lien on the premises subordinate to the prior mortgage. In the case of a mortgage lien, the court, on equitable principles, and without a provision in the mortgage pledging the rents as security, will appoint a receiver and apply the rents in payment of the debt, if the mortgagor is insolvent or of questionable responsibility, and the mortgaged premises are insufficient security. Haas v. Chicago B'g Society, 89 Ill. 498, 302; First Nat. Bank v. Ill. Steel Co., 174 ib. 140, 149-50. See, also, Glos v. Roach, 80 Ill App. 283, affirmed 181 Ill. 440.

The object of the bill is the collection of the judgment out of the property, and it is averred in the bill that the premises are improved by a three-story

brick building, a portion of which was occupied by Joseph McJohn, the remainder being vacant, and the bill prays for general relief. We are not prepared to hold that the decree, in appropriating the rents to the payment of the judgment, is not warranted by the averments and prayer of the bill.

Counsel for Agnew object to the order appointing a receiver, on the ground that the order did not convey title to the rents, and also on the ground that the complainant was not required to give bond to Edward McJohn. In the view we take of the cause, Edward McJohn was not in the least damaged by this omission. The order appointed Johnston receiver of the estate, real and personal, things in action, debts, equitable interests and other effects of the defendant, Joseph McJohn. This was amply sufficient to authorize the receiver to collect the rents. Moreover, the court, by subsequently approving the reports of the receivers, confirmed their acts in the premises. A fund was created by the collection of rents by the court, through the receivers, and the question was how it should be applied. Agnew, the administrator, has no greater rights than had his testator. Had Edward McJohn lived, would he have had any title to or interest in the rents? It is admitted of record that the conveyance by Joseph to Edward McJohn was fraudulent as to the complainant, Joseph's judgment creditor, which being so, Joseph McJohn, the fraudulent grantor, was, as to complainant, the equitable owner of the rents from the time of the execution of the fraudulent conveyance to the termination of the period of redemption from the sale under the decree foreclosing the mortgage, and Edward McJohn, the fraudulent grantee, took nothing by the conveyance, as to complainant, the judgment creditor; and his administrator is litigating in respect to a matter in which he has no interest. Equity looks to the substance of things. It is apparent from the record that unless the rents accruing due pending the suit are applied in payment of complainant's judg-

ment, it is remediless. The *corpus* of the property was sold under the decree foreclosing the prior mortgage, and Joseph McJohn is insolvent.

Agnew, administrator, moved the court to set aside the default of Edward McJohn, his testator, and complainant made a cross-motion for leave to withdraw the amendments to the bill, and, February 25, 1907, both motions were heard, and the court granted the complainant's motion and denied the motion of Agnew, administrator. It is contended by counsel for Agnew that the denial of his motion was erroneous, for the reason that the withdrawal of the amendments to the bill operated to set aside the default, and, therefore, Agnew had a right to answer, and cases are cited in support of this proposition. The motion was not made on the theory now relied on. It was made before the amendments were withdrawn, and was for an affirmative order setting aside the default on three specified grounds: 1. That complainant, March 2, 1904, amended its bill, without notice or applying for leave so to do, to Edward McJohn; and 2, complainant again, November 30, 1906, amended its bill; and, 3, that Edward McJohn and defendant, Agnew, his successor, had a good defense on the merits.

Defendant Agnew was limited to the grounds specified in his motion.

Edward McJohn was served with summons October 8, 1902, and never answered or entered an appearance, and was not entitled to notice of application for leave to amend the bill. The amendment of November 30, 1906, was made nineteen months after the defendant, Edward McJohn, had been defaulted. The alleged ground that Edward McJohn had a good defense to the bill, supported as it was by an affidavit, certainly would not have entitled him, as matter of right, to an order setting aside the default. The court did not err in denying the defendant's motion.

Subsequently, defendant Agnew made another motion to "vacate the order defaulting his testator", on

the ground stated in the first motion, and on the further ground that the withdrawal of the amendments constituted an amendment, which motion the court denied, properly, as we think.

There are various other objections in the record which we have considered, but which we do not deem it necessary to comment on in this opinion. Our conclusion, from inspection of the entire record, is that substantial justice has been done by the decree. We find no reversible error in the record, and the decree will be affirmed, appellee to recover its costs of this court, to be paid in due course of administration.

*Affirmed.*