## George M. Stevens et al., Appellees, v. Mary K. Plummer, Individually and as Administratrix, Appellant.

## Gen. No. 20,910.

1. Mortgages, § 260*—*when payment not presumed.* In the absence of proof to the contrary, it is presumed that a mortgage is a valid and subsisting lien.

2. Judgment, § 633*—*when payment not presumed.* In the absence of proof to the contrary, it is presumed that a judgment is a valid and subsisting lien.

3. Partition, § 129*—*when judgment creditor of party to suit has no title to lands.* In a suit to partition property, the holder of a judgment against one of the parties in interest has no right, title or estate in the lands.

4. Partition, § 73*—*when payment of claims against property to be provided for in decree.* It is not necessary that the decree for partition provide that claims and legal obligations against the estate sought to be partitioned shall be borne by the shares set off to the several owners or, in case of a sale of the land, shall be paid from the funds, but such provision may be made by the confirmatory decree.

5. Partition, § 73*—*when decree of sale should state amount due under mortgage lien.* Where, on partition, land is sold subject to the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lien of an existing mortgage, the decree of sale should state the amount due, but if the land is sold free and clear of an existing mortgage, it is not necessary that the court ascertain the amount of the incumbrance before the decree of sale.

6. PARTITION, § 73*—*what procedure proper on sale where mortgagee fails to prove amount due.* Where the existence of a mortgage is alleged in a bill for partition and the mortgagee fails to appear and produce at the hearing proof of the amount due on the mortgage, if a sale is necessary, the court should decree a sale of the premises free and clear of the mortgage lien and should direct the proceeds to be brought into court, when the court may enter a rule that the money be paid within a certain time, unless the mortgagee should, before that time, make proof of the mortgage and the amount due thereon.

7. PARTITION, § 69*—*when proof of amount due on incumbrance properly ordered.* In a partition proceeding, where the bill is taken as confessed, if the court has reason to believe, or is apprehensive that injustice is likely to result from ordering a distribution of the proceeds of the partition sale without proof being made of the amount due on a mortgage on the property, it should require proof to be made.

8. JUDGMENT, § 296—*when motion to vacate decree of distribution of proceeds of partition sale in time.* A motion to vacate the decree of distribution of the proceeds of a partition sale is made in time when made two days after the entering of the decree and at the same term.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915. *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.** The bill in this case was filed for the partition of certain real estate of which Martha E. Trundle died seized. She placed on said real estate in her lifetime two trust deeds in the nature of mortgages, one to Edwin G. Foreman, trustee, to secure her note for $4,000, the other to George N. Neise, trustee, to secure her note for $2,100, and devised the property subject to said two trust deeds as follows: An estate in an undivided one-half for the life of William H. Trundle, to George M. Stevens, trustee,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

with the remainder to said William H. Trundle, and the other undivided one-half to William T. J. Plummer. William T. J. Plummer died intestate without issue, and his widow, Mary K. Plummer, appellant here, became entitled to an undivided one-quarter interest in said real estate, and certain collateral heirs of William T. J. Plummer to one-quarter, subject to the dower interest therein of Mary K. Plummer.

The bill set out the facts above stated, alleged that the trust deeds were in force, and the place of residence of the owners of the notes thereby secured unknown; that E. M. Barnard claimed to have some interest in the premises by virtue of a judgment recovered October 10, 1910, against William T. J. Plummer, on which execution had been issued and returned unsatisfied, which judgment the bill alleged was then unsatisfied of record. All parties in interest, including the unknown holders of the notes secured by said two trust deeds, and Barnard, were made defendants. Barnard entered his appearance, but did not answer or demur, and his default was entered and the bill taken as confessed against him November 7, 1912. Mary K. Plummer answered the bill, admitted the execution of the Neise trust deed and the recovery of the judgment by Barnard against William T. J. Plummer, and alleged that William T. J. Plummer was at one time the owner of the note secured by the Neise trust deed, and that if it be true that Barnard was then the owner of the note secured by said trust deed, that the same was delivered to him by William T. J. Plummer as collateral security for his note for $2,125, on which the Barnard judgment was rendered, and averring that Barnard was not entitled to enforce more than one of said liens. There was an order of reference to a master, whose report stated that the Neise trust deed was executed and recorded but that neither the trustee nor the holder of the note thereby secured had

appeared before him.  The report does not mention the Barnard judgment.

The decree of partition was entered February 6, 1913.  It declares the rights of the respective tenants in common in the real estate subject to the lien of the Foreman and the Neise trust deeds "as the interest of the holders thereof may appear," and appoints commissioners to make partition.  The commissioners reported that partition could not be made.  March 19, 1913, a decree of sale was entered, which ordered the master to sell the real estate subject to the lien of the Foreman trust deed and bring the proceeds of the sale into court to be distributed to the parties entitled thereto.  The master sold the premises May 18th and made his report, showing the amount of money that would be in his hands when the purchaser paid ·the amount of his bid.  June 11, 1913, an order of distribution was entered, which found that $7,400 remained in the hands of the master after paying all costs and expenses.  The master was ordered to pay one-half of the amount to Stevens, trustee, to Mary K. Plummer a sum equal to her dower interest in an undivided one-half of said premises, and the remainder to her as administratrix of William T. J. Plummer to be distributed and administered in due course of administration.  June 13th Barnard moved to vacate the order of distribution and for leave to file petition, and his motion was entered and continued until the next term of court, and an order made that the master retain the proceeds of the sale until the further order of the court.  June 16th Barnard filed his petition, alleged that he was the owner of the judgment recovered by him against William T. J. Plummer, and that there was due him thereon $1,708.22 with interest thereon from October 17, 1910, and that he was the owner of the note secured by the Neise trust deed, and there was due him thereon the face of said note with interest from February 1, 1909, and $47.54 for interest accruing

before that date; that by virtue of petitioner's trust deed he was entitled to receive out of the proceeds of the sale of the whole of said real estate the amount due him thereon, and by virtue of his judgment was entitled to receive out of that part of the proceeds of the sale which represented the undivided one-half interest of William T. J. Plummer the balance due him on his judgment; that if the proceeds of sale are distributed as ordered, his rights under his trust deed and judgment will be lost; that the estate of William T. J. Plummer is insolvent. Mary K. Plummer answered the petition. November 26th the master filed his report of distribution, from which it appears that $3,500 of the proceeds of the sale was deposited by the stipulation of the parties with the Chicago Title & Trust Company as a condition under which that company would issue a guaranty policy on the premises sold. February 24, 1915, an order was entered whereby the court found that the order of distribution entered June 11, 1913, was improper and not in accordance with the decree of partition entered February 6, 1913, and ordered that the same be set aside; and further found that Barnard was the owner of the note secured by the Neise trust deed on which $2,865.14 was due, and was entitled to receive said sum before any other distribution was made; that he was also the owner of the judgment against William T. J. Plummer, which is a valid lien on one-half of the proceeds of the sale, being that portion representing the undivided one-half of said real estate owned by said William T. J. Plummer at his death, and was entitled to receive out of the net proceeds of the sale of such undivided one-half, after payment of the amount due on the Neise trust deed and the dower of Mary K. Plummer, $1,764.02, the amount due on said judgment, before any distribution of the proceeds of the sale of said one-half of said real estate was made, and an order was entered in accordance with the findings of the court. From this

order the present appeal is prosecuted by Mary K. Plummer individually and as administratrix of William T. J. Plummer.

RYAN, CONDON & LIVINGSTON, for appellant; IRVIN I. LIVINGSTON, of counsel.

JOHN S. HUMMER and JAMES A. RUSSELL, for appellee E. M. Barnard, Jr.

MR. JUSTICE BAKER delivered the opinion of the court.

The evidence taken before the master sustains the findings of the court, and the question presented is as to the jurisdiction and authority of the court to vacate the first order of distribution and enter the order from which this appeal is prosecuted, and the propriety of the order.

The presumption of law is, in the absence of proof to the contrary, that the Neise trust deed executed by Martha E. Trundle, and the Barnard judgment against William T. J. Plummer, were subsisting and valid liens—the trust deed on the whole, and the judgment on the undivided one-half, of the real estate. *Graham v. Anderson,* 42 Ill. 514; *Norton v. Joy,* 6 Ill. App. 406.

The statute requires the court, in a decree for partition, to "ascertain and declare the rights, titles and interest of all parties to such suit"; but the holder of a judgment against one of the parties in interest has no right, title or estate in the lands.

The claims and legal obligations against the estate sought to be partitioned should be borne by the shares set off to the several owners, or, in case of a sale of the land, should be paid from the fund; but provision to that effect may be made by the confirmatory decree and need not be contained in the decree for partition. *Brown v. Sunderland,* 251 Ill. 523.

"If (in a partition case), upon the coming in of the report of the commissioners, it is found necessary to sell the land, the court may ascertain the amount due on the mortgage debt, and order it paid out of the distributive share of the mortgagor in the proceeds of the sale. But that may be done even after the sale." *Spencer v. Wiley,* 149 Ill. 56-59.

If in a partition case the land is sold subject to the lien of an existing mortgage, the decree of sale should state the amount due, in order that the purchaser may know what obligations are standing against the land he purchases. If sold free and clear of an existing mortgage, it is unnecessary for the court, prior to the decree of sale, to ascertain the amount of the incumbrance, because, in such case, whatever the amount may be it follows and attaches to the proceeds of the sale. *Kilgour v. Crawford,* 51 Ill. 249.

Where a bill for partition alleges the existence of a mortgage on the premises and the mortgagee fails to appear and produce proof at the hearing of the amount due on the mortgage, then if a sale is necessary the proper course is to decree a sale of the premises free and clear of the lien of the mortgage, and direct the proceeds to be brought into court, when the court may enter a rule that the money be paid within a certain time unless the mortgagee should, before that time, make proof of the mortgage and the amount due thereon. *Kilgour v. Crawford, supra.*

Where a bill is taken as confessed in a partition case, if the court has reason to believe, or from any cause is apprehensive, that injustice is likely to result from ordering a distribution of the proceeds of the sale without proof, then it should be required. *Sullivan v. Sullivan,* 42 Ill. 315.

Barnard, by failing to answer, admitted only the truth of the allegations of the bill. The bill alleged the execution and recording of the Neise trust deed, and alleged that it was in full force, alleged that Barnard

recovered a judgment against William T. J. Plummer, on which execution had been issued and returned unsatisfied, and alleged that the judgment was unsatisfied of record.

The facts stated in the bill clearly showed that injury was likely to result to the owner of the judgment and the owner of the note secured by the Neise trust deed if, without proof, the court ordered the proceeds of the sale distributed without making provision for the payment of the note or judgment. The proper practice, under the facts appearing in the record, would have been to enter a rule that the money be paid as provided in the decree of distribution unless the judgment creditor and the owner of the note secured by the Neise trust deed should appear by a certain time and make proof of the judgment and mortgage; and the court should have required proof as to the rights of Barnard before entering a decree of distribution. He had a right to be heard before a distribution of the proceeds of the sale was made. *Ellis v. Dumond,* 259 Ill. 483.

The motion to vacate the decree of distribution was made two days after the decree was entered and at the same term, and the hearing of the motion was continued.

We think the decree appealed from was properly made in furtherance of equity and justice, and it is affirmed.

*Affirmed.*