# THE SUPREME COURT

### OF THE

## STATE OF ILLINOIS,

#### OF CASES DETERMINED AT

### JANUARY TERM, 1862, AT SPRINGFIELD.

---

### AUGUSTUS E. HARMON, Plaintiff in Error, *v.* ALONZO CAMPBELL, Defendant in Error.*

#### ERROR TO CHAMPAIGN.

The indorsement on the summons in this case was as follows : " Served this writ on the within named Augustus E. Harmon, by delivering a true copy of this with him, at his office or place of business, in person, by delivering a copy thereof to him, the 16th day of March, 1861." This is a sufficient return.

When a decree *pro confesso* has been entered after default, the defendant cannot make any objection that the proof does not sustain the allegations of the bill. The allegations are taken as confessed, and the court may enter the decree without proof.

DEFENDANT in error filed a bill in chancery in Champaign Circuit Court, at April term, 1861, against said plaintiff in error, to foreclose a mortgage alleged to have been executed by said Harmon to said Campbell, to secure purchase money for land described in said mortgage.

A rule was taken by said Campbell at said April term upon

---

* This case, and the two following, are printed out of their proper place here, from not having sooner come to the hands of the Reporter.

said Harmon, to answer said bill of complaint by Thursday morning of second week of said court, when said Harmon not appearing to said cause, was defaulted, and a decree *pro confesso* entered.

The return of the sheriff indorsed upon the summons in the cause is as follows:

" Served this writ on the within named Augustus E. Harmon, by delivering a true copy of this with him, at his office or place of business, in person, by delivering a copy thereof to him, the 16th day of March, 1861.

R. C. WRIGHT, Sheriff.
McD. FITZGERALD, Deputy."

The bill recites the giving of the mortgage, and several notes, by said Harmon to said Campbell, alleges that one note, the last one falling due, is unpaid, and asks for a decree of foreclosure for the payment of same. The bill alleges, that on the 31st day of May, 1858, said Harmon, being indebted, etc., executed said mortgage, upon condition that he pay the sum of $3,200 according to the effect of five notes, the last one falling due January 1, 1861, for $750, with ten per cent. interest. The bill does not give the date of said note. The mortgage describes it as bearing date May 31, 1858. The mortgage is filed with the bill, and made part of the same, as exhibit " A." At the time of filing said bill and mortgage, said Campbell filed a note with said papers in these words:

" $750.

For value received, I hereby promise to pay Alonzo Campbell, or bearer, seven hundred and fifty dollars, January first, 1861, with interest at 10 per cent.                                              A. E. HARMON."

WEST URBANA, June 1st, 1858.

O. F. HARMON, for Plaintiff in Error.

This return does not show how service was made, nor when. It is, therefore, void for uncertainty. The date may show the date of service, or date of return. 1 Scam. 239 ; 24 Ill. 227.

The bill does not recite the filing of this or any other note, and makes no allusion to it as an exhibit or otherwise.

The decree recites non-payment of a note for $750, due January 1, 1861, dated June 1, 1858, with ten per cent. in-

terest, and gives a decree for payment of same, or sale of mortgaged premises.

This was error; because, 1st, There is no allegation in the bill that there was a mistake in the date of said note filed with said mortgage, nor that said note was the one intended by the parties to be secured by said mortgage. 2nd, Every material fact which the plaintiff means to offer in evidence, ought to be stated in the bill; otherwise complainant will not be permitted to offer any evidence of such fact. Story's Eq. Pleading, sec. 28 ; 6 Johns. 564.

It has been decided in several cases in this court, that a complainant must recover in the case made by his bill, and he cannot be permitted to state one case in the bill, and make out a different one in the proof. The allegations and proof must correspond—mutually supporting each other. Although a good case may appear in the evidence, yet if it is variant from the one stated in the bill, the bill must be dismissed. *Rowan* v. *Bowles*, 21 Ill., 17, and cases there cited.

TERRY, for Defendant in Error.

CÁTON, C. J. This was a bill to foreclose a mortgage, which was taken for confessed, and a decree rendered according to the prayer of the bill. The first objection made, is to the service of the process. The return is in these words : "Served this writ on the within named Augustus E. Harmon, by delivering a true copy of this with him, at his office or place of business, in person, by delivering a copy thereof to him, the 16th day of March, 1861." The objection taken is, that the return does not show that the date given was the time of service or the time of the return. We think it does clearly show it was the time of service. The article 'the' before the date leaves no doubt that the date given refers to the service and not the return. See *Carriker* v. *Anderson*, 27 Ill. 358.

The next objection is, that the proof does not correspond. with the allegations of the bill, as to the date of the note for the non-payment of which the decree was rendered. In the body of the bill the date of the note is not given, but the

mortgage is made an exhibit and a part of the bill, and that recites the date of the note as the 31st of May, 1858. The note said to have been filed with the bill, and dated the 31st of June, 1858, is not made a part of the bill, nor do we know whether it was read in evidence. As the averments of the bill were sufficient to sustain the decree, and as the bill was taken as confessed, the defendant can take no objection founded on the proof sustaining the bill, for the reason that he has confessed the truth of all of the allegations of the bill by his default. The court had a right to render the decree without any proof, and hence, of course, he cannot object that the proof was insufficient to warrant the decree.

The decree must be affirmed.

*Decree affirmed.*