| 47 | 353 |
| 130 | 314 |
| 47 | 353 |
| 169 | 497 |

| 47 | 353 |
| f93a | 1372 |

| 47 | 353 |
| 100a | 6537 |
| 101a | 6478 |

| 47 | 353 |
| 103a | 8222 |

YOUNGER BOSTON

*v.*

THOMAS NICHOLS.

1.  STATUTE OF FRAUDS—*in what manner availed of.* When a defendant to a bill in chancery, filed by a vendor of land against the purchaser, wishes to avail himself of the statute of frauds, he can only do so by pleading the statute, or by relying on it, in his answer, by way of plea; the objection comes too late, when raised for the first time in the appellate court.

2.  SPECIFIC PERFORMANCE—*by vendor against vendee—of a tender of a deed by the former.* The omission of a vendor of land to tender a deed to the purchaser,

45—47TH ILL.

before filing a bill for specific performance, will not deprive the vendor of the right to the relief sought in such a proceeding.

3. COSTS—*on a bill for specific performance.* But such omission on the part of the vendor to tender a deed, before filing his bill, would no doubt justify the court in refusing to decree costs against the purchaser.

4. STAMP ACT—*in relation to process.* In a suit in chancery, in which a writ of injunction issues, the spirit of the act of Congress, in respect to the stamping of process, is complied with, when the proper stamp is placed upon either the writ of injunction or the summons.

5. INJUNCTION BOND—*of objection thereto.* An objection that the court did not approve the security on the bond, for a preliminary injunction, can only be raised on a motion to dissolve. On the hearing it cannot matter whether any bond was ever given, or security taken, the only question being, whether, upon the facts alleged, the complainant is entitled to the relief sought.

6. DECREE TAKEN PRO CONFESSO—*of evidence in support thereof.* Where a decree is taken *pro confesso*, an objection that the facts in the decree, or the evidence preserved in the record, do not warrant the relief granted, is not well taken. Under the rules of practice, the court is authorized, upon a confession of the facts, to grant the relief sought, alone on the *pro confesso* decree.

Nor could the fact that the court heard evidence as a matter of precaution, in the least change the power of the court to render a decree.

The defendant, by a default, confesses the truth of the allegations contained in the bill, and no proof is required to sustain a decree based upon them.

7. DECREE—*where a portion of the debt is not due.* On a bill filed by a vendor of land against the purchaser, for specific performance, it is erroneous to decree the payment of one of the notes given for the purchase money, which is not yet due, and that if not paid after maturity, the master shall proceed to sell the land in satisfaction thereof.

A party has no right to maintain an action or recover a judgment or decree for the payment of a debt not due when the trial is had.

8. MASTER IN CHANCERY—*of his power.* In a suit in chancery, where it is sought to obtain a decree for the payment of money, the finding the amount due is a judicial and not a ministerial act, and must be done by the court and not by the master. The court may, by special reference, require the master to hear evidence, and find and report facts, but a subsequent order of the court, approving the same is necessary to give force and effect to the master's report.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a suit in chancery, brought by Thomas Nichols, a vendor of land, against Younger Boston, the purchaser, for a specific performance of the contract. The bill was taken as confessed, and decree accordingly. The cause was brought to this court, by the defendant, by writ of error. The further facts appear in the opinion.

Messrs. WILLARD & GOODNOW, for the plaintiff in error.

Mr. B. B. SMITH and Mr. M. SCHAFFER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the allegations in the bill, which was taken as confessed, and from the evidence introduced on the hearing, that John W. Nichols, Sr., owned the west half of the northwest quarter of section thirteen, township four north, range four east; that in the year 1860 or 1861, he gave this land to his son, William S. Nichols, who went into possession under the gift and improved the same; that he afterwards exchanged the land with complainant for other lands, and the latter sold the same to plaintiff in error for $1,200. At the time the sale was made, three hundred dollars was paid in cash, and the balance was to be paid in three equal yearly instalments. The sale was made about the 16th day of October, 1864. John W. Nichols executed a deed for the premises to plaintiff in error, intending to convey the premises, but by accident the land was mis-described. The first note was paid, but the other two remained unpaid.

It appears that defendant in error demanded a mortgage on the premises, to secure the remainder of the purchase money, claiming that such was the agreement. Plaintiff in error refused to give it, but admitted that it was the original agreement that he was to execute a mortgage. Defendant in error,

with his bill, tendered a deed from John W. Nichols, Sr., to Wm. S. Nichols, and a deed from him to defendant in error, and a deed from himself to plaintiff in error; and this is admitted by the default. And the allegation that plaintiff in error was offering to sell the land was also admitted in like manner.

The court below rendered a decree enjoining the sale of the land until the purchase money should be paid; also, finding the amount due on the second note, and ordering its payment within ninety days, and in default of such payment, that the master sell the land. Likewise, that plaintiff in error execute a mortgage on the land to secure the payment of the last note, and that he pay it within ninety days after its maturity, and on failing to do so, that the master sell the premises. This writ is prosecuted to reverse this decree, and various errors have been assigned on the record.

It is first urged, that the contract set out in the bill is void under the statute of frauds. It is a rule of general application, that to avail of the statute of frauds it must be pleaded or relied upon in the answer by way of plea. No such defense was interposed, and as the agreement stands confessed, the objection comes too late when raised for the first time in this court. There is, therefore, no force in this objection.

It is insisted, that until defendant in error tendered a deed, he was not in a position to file a bill for a specific performance of the agreement. The contract stands confessed, and the demand of the mortgage, and refusal by plaintiff in error to execute it. Nor did he place the refusal on the grounds that defendant in error had failed to execute the deed, or that the agreement was by parol, but simply upon the ground that defendant in error would foreclose and he would lose the money which he had paid. No reason is therefore perceived why the contract should not be executed. The failure to tender a deed until the filing of the bill, was, no doubt, ground

to justify the court in refusing to decree costs to defendant in error, but not for refusing the relief.

It is again urged, that the court below did not have jurisdiction of the person of plaintiff in error, because the revenue stamp was placed on the writ of injunction, and none was upon the summons. Even if Congress has the power to declare the process of State courts void for the want of a revenue stamp, which is not conceded, the spirit of the act of the general government is complied with when the proper stamp is placed upon either the writ of injunction or the summons. The object of the law was to raise revenue for the use of the government, and not to impart any new vigor to the process. In this case that end was fully attained by the use of the stamp in the mode adopted.

There is no force in the objection that the court did not approve the security on the bond for a preliminary injunction. That was a question properly arising on a motion to dissolve. But on the hearing, it cannot matter whether any bond was ever given, or security taken. On the hearing it is a question whether the facts of the case entitle a complainant to such preventive relief by inhibiting the act sought to be restrained. The question of whether a temporary injunction was properly or improperly awarded cannot be considered. That is not in the case then being heard by the court. That would be an issue wholly immaterial to the case.

The objection that the finding of the facts in the decree, or the evidence preserved in the record, do not warrant the relief granted, is not well taken. The record discloses the fact that the bill was taken as confessed, and, under the rules of practice, the court was authorized to grant the relief sought alone on the *pro confesso* decree. Nor could the fact that the court heard evidence as a matter of precaution, in the least degree change the power of the court to render a decree. Under the well recognized practice and the statutory provisions, when the defendant, by a default, confesses the truth of the

allegations of the bill, no proof is required to sustain a decree based upon the allegations in the bill. *Gault* v. *Hougland*, 25 Ill. 266; *Stephens* v. *Bichnell*, 27 Ill. 444; *Harman* v. *Campbell*, 30 Ill. 25.

We now come to the consideration of the last error, which we regard as material, to be considered. It questions the correctness of that portion of the decree which orders the payment of the note not then due, within ninety days after its maturity, and on failing to do so, decrees the sale of the land for its payment. In this there was error. A party has no right to maintain an action, or recover a judgment or decree for the payment of a debt not due when the trial is had. It has been held, that, in foreclosing a mortgage when one or more instalments are due, it is error to render a decree for those that are not due. See 2 Hilld. on Mortg., 106, and authorities cited. In Maryland, however, the practice seems to be different, as the court holds that the non-payment of one instalment forfeits the whole mortgage, and that it may then be foreclosed, and a decree rendered with a rebate of interest on the instalments not then due. *Ibid.* But this seems to be contrary to the current of authority and the analogies of the law. It has been held by some courts that where a bill is filed to foreclose on instalments already due, others falling due before the hearing may be included in the decree. *Ibid.* But even if that be regarded as correct practice it would not apply in this case, as the last note had not matured when this decree was entered. It is true, that a suit for a foreclosure is not, in all respects, the same as a proceeding to enforce a vendor's lien, but, in principle, they are the same; both being proceedings to enforce a lien on the land. And the practice in this regard should be the same.

Again, the decree is objectionable, if for no other reason, because it does not find the amount due on the last note, or the amount which should be paid ninety days after its maturity. It leaves the master to adjudge and determine that

question. It is not the province of the master to adjudge and finally determine upon the rights of the parties. That belongs to the chancellor, and he cannot delegate it to another. The master is a ministerial and not a judicial officer. The court may, by special reference, require him to hear evidence, and find and report facts to the chancellor, but before such finding can become binding it must be approved by the court. It thereby becomes the act of the court, and not the act of the master. But this decree requires the master to act judicially in determining what shall then be due, and to proceed to execute his own decree. That portion of the decree requiring the master to find the amount of the note not due, if not paid at maturity, and to sell the land for its satisfaction, is reversed, and the decree is, in all other respects, affirmed.

*Decree modified.*