Syllabus.

# ELBERT HALL *et al.*

## *v.*

# JOHN C. FULLERTON.

1. FRAUDULENT REPRESENTATIONS—*right of rescission for.* A person who is induced to part with his property on a fraudulent contract, on discovering the fraud, may avoid the contract and claim a return of what has been advanced upon it. He has his election to affirm or disaffirm the contract. But if he would disaffirm it, he must do so at the earliest practicable moment after discovery of the fraud.

2. SAME—*rescission not allowed after unreasonable delay.* Where lands were exchanged in September, 1859, and one of the parties sought to avoid the contract on the ground of fraudulent representations as to the locality, value, etc., of the land taken by him, and it appeared that he learned of the falsity of the representations within a year after the exchange, and that he never expressed any dissatisfaction or attempted to rescind the contract until the day before filing his bill, which was on January 24th, 1865: *Held,* that owing to the unreasonable delay in filing his bill, it was properly dismissed.

3. CHANCERY PRACTICE—*when laches must be insisted on in answer.* The rule requiring a defendant in a chancery suit to set up and insist on the complainant's *laches* in filing his bill, is for the purpose of enabling the complainant to amend his bill and account for the delay, so as to admit proof to meet the objection, and will not be extended to a case where the bill attempts to account for the delay, which is not sustained by the proof. In the latter case the objection may be made without first insisting on it in the answer.

4. HOMESTEAD—*waiver by abandonment in favor of grantee.* Although a deed for premises occupied by the grantor as a homestead, may contain no release of the homestead, yet if he voluntarily abandons the premises and permits his grantee to enter and hold the same, this will amount to a waiver of the right. And such waiver can not be avoided for the fraud of the grantee, after such a delay that a rescission of the contract is denied.

5. CHANCERY—*rehearing.* An application for a rehearing in a cause in equity, on the ground of newly discovered evidence, is properly denied when such evidence is merely cumulative and not conclusive.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. B. F. PARKS, for the plaintiffs in error.

Mr. R. L. DIVINE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, filed by Elbert Hall and his wife, plaintiffs in error, against John C. Fullerton, defendant in error, for the rescission of a contract for the exchange of lands, on the ground of alleged fraudulent representations made by the defendant. By the contract Hall agreed to exchange the farm on which he resided in De Kalb county, in this State, containing one hundred and sixty-five acres of land, for three hundred and twenty acres of land, owned by Fullerton, situate in Sioux county, Iowa, and $1250 as the difference between the values of the two tracts.

Deeds were accordingly exchanged between the parties, and at the same time Fullerton executed a mortgage to secure the payment of the $1250, which he subsequently paid. Neither party, at the time of the contract, had seen the Iowa land.

The substance of the charge of fraud, as contained in the bill, is, that the Iowa land was not located so near to Sioux City, nor was so valuable, as Fullerton represented it to be; that it was not in a thickly settled part of Iowa, near churches, school houses, and settlements, as Fullerton said it was.

The court below, on hearing, dismissed the bill.

The evidence as to the alleged fraudulent representations by Fullerton was conflicting, and we do not find it necessary to consider whether the proof in that respect was sufficient to sustain the allegations of the bill, as we are of opinion the decree of the court below may be sustained, on the ground of the unreasonable delay, after discovery of the alleged fraud, in bringing the bill.

The contract was made, and the deeds exchanged, on the 14th day of September, 1859 ; the bill was filed January 24, 1865. The substance of the charge of fraud in the case as attempted to be established by the proof, is, in the representa-

29—69TH ILL.

tion as to the distance of the Iowa land from Sioux City; the representation, as charged in the bill, being that the land was situated about six miles from Sioux City, and the proof showing it to be some forty or sixty miles distant from that place.

The plaintiff admits that Fullerton told him he had never seen the land. That was a caution to him, not to rely too implicitly upon Fullerton's representations as to the land, and would naturally lead him to resort to early means for their verification. The land being described by the numbers of the congressional subdivision of the public lands, its distance from Sioux City could, at any time, have been readily ascertained by an inspection of a sectional map of Iowa. The presumption is, that if the party affected by any fraudulent transaction, might, with ordinary care and attention, have seasonably detected it, he seasonably had actual knowledge of it.

But in addition to all that, the plaintiff himself testified that he found out, by writing to an agent at Sioux City to pay taxes, some time in September or October, 1860, that the land was not where represented; that instead of being near Sioux City, it was some sixty miles from there.

A person who is induced to part with his property on a fraudulent contract may, on discovering the fraud, avoid the contract and claim a return of what has been advanced upon it. He has his election to affirm or disaffirm the contract. But if he would disaffirm the contract, he must do so at the earliest practicable moment after discovery of the fraud. *Masson* v. *Bovet*, 1 Denio, 69.

The falsity of the representation as to the distance of the land from Sioux City was discovered within about a year after the making of the contract; but no dissatisfaction appears to have been expressed, or attempt made to rescind the contract, until the day before the filing of the bill, when the plaintiff tendered a deed of the Iowa land to Fullerton, and demanded a deed of the premises he had conveyed to the latter.

We are of opinion the court below was justified in finding, that Hall had slept too long on his rights, and that there was an unreasonable delay in filing the bill. *Cox* v. *Montgomery*, 36 Ill. 396.

But it is insisted that this objection was not available to the defendant, because he did not raise it in his answer, under the decision of this court in *School Trustees* v. *Wright et al.* 12 Ill. 432.

The reason given in that case for requiring the objection arising from length of time to be set up in the answer, was, to afford the complainant an opportunity to amend his bill by inserting allegations accounting for the delay, so as to thereby lay a foundation for the introduction of proof to sustain the bill against the objection. That reason does not apply in the present case, because the plaintiff undertook, in his bill, to account for the delay in bringing the suit, and inserted in the bill allegations for that purpose, to-wit: that some time in 1861, he learned that the representations made by Fullerton were, in a measure, untrue, and that since 1861, on account of the Indian troubles in the north-western part of Iowa, he was unable to get any positive information as regards the land, until quite recently. Here was the plaintiff's excuse for the delay. There was no necessity for amending the bill to show it, because it already appeared there by averment, affording a foundation for the introduction of proof on the subject. But no proof whatever, in relation thereto, was offered. The decision in the case just referred to, is one not to be extended to a case where the reason there given does not apply. Hence we must regard the defense of *laches* in bringing the suit as available to the defendant, in this case, although not set up in the answer.

There is a claim of a homestead right in the premises conveyed to Fullerton, there having been no release of it in the deed. In October, 1859, after the conveyance in September preceding, Hall surrendered up the premises to Fullerton and left the same; and Fullerton has ever since remained in

possession. There was an abandonment of the premises, which was a waiver of all homestead right. It is claimed there was no legal abandonment, because of the fraud. But if the plaintiff is not, on the ground of fraud, entitled to a rescission of the contract, he must, for the same reason, be denied relief against the effect of the abandonment.

There was an application for a rehearing in the case, on the ground of newly discovered evidence, the refusal to grant which is assigned for error. The newly discovered evidence was merely cumulative and not conclusive, which, according to the well established rule, is no ground for granting a rehearing. We perceive no error in the refusal of a rehearing.

Finding no error in the record, the decree of the court below is affirmed.

*Decree affirmed.*