JOHN C. HANNAS

v.

MARGARET HANNAS.

*Filed at Ottawa May 19, 1884.*

1. PURCHASER — *reversal of decree — effect upon title of purchaser.* Where the title of a husband in real estate is, by a decree on bill to enforce a trust or specific agreement, vested in the wife, and before appeal or writ of error to reverse the decree the wife sells the property to a third person, in good faith, who pays a part of the price and secures the balance by mortgage on the premises, and the trustee holding for the wife conveys to such purchaser in pursuance of such decree, the title of the purchaser can not be defeated by a reversal of the decree for error, if the court rendering it had jurisdiction of the subject matter and of the persons of the parties in interest.

2. NON-RESIDENT DEFENDANTS IN CHANCERY — *publication of notice — sufficiency of affidavit.* An affidavit of non-residence in a chancery case, to authorize publication of notice, alleged that the complainant had made due inquiry to learn the place of residence of the defendant, and was unable to ascertain the same; that his last known place of residence, so far as affiant's personal knowledge went, was the city of Chicago, in this State, which place he left about six years before, and, as affiant was informed and believed, went to California; that about two years before, affiant was informed that he was in San Francisco, in the State of California, since which time affiant has, upon due inquiry, been unable to find where he was residing: *Held,* that the affidavit fully complied with the statute, and was amply sufficient.

3. SAME — *sufficiency of the notice — absence of the summons.* A notice published against a non-resident defendant in a bill in chancery, setting forth the pendency of the suit, the names of the parties thereto, the title of the court, the time and place of the return of the summons, and that a summons had been issued so returnable, is sufficient.

4. Where it appears by the clerk's certificate that he sent a copy of a notice by publication, by mail, addressed to the defendant at his last known place of residence, as stated in the affidavit, and it is further proved that the defendant actually received such notice before the return day of the summons, and in ample time to have made defence to the suit, the circuit court will have jurisdiction over the person of the defendant, although no summons is found in the record.

5. The positive recitals in a notice to a non-resident defendant in a chancery suit, published by the clerk of the court, and the inference to be drawn from recitals in the decree that due notice of the pendency of the suit was given, and the presumption that the clerk did his duty by issuing a summons

against defendant, are not overcome by the mere fact that no summons is found in the record.

6. PARTY—*becoming a party voluntarily—its binding effect.* One may waive the necessity of a formal summons, and come in on the hearing of a suit in chancery, and consent to be treated as a party to the decree and to be bound by it; and this will obviate any error there might be in not making him a formal party in the bill, and he will then be bound by the decree.

7. ERROR—*as to one not complaining.* An error that does not affect the party appealing or prosecuting a writ of error, can not be urged by him as a ground of reversal.

8. PRACTICE—*time to object—as to admissibility of evidence.* A party can not stand by and permit improper evidence to be given, and object to its competency for the first time in this court. So when a party is duly served he is theoretically in court, though defaulted, and will not be allowed, on error, to object for the first time to the introduction of secondary evidence.

9. PRESERVING EVIDENCE—*in chancery.* Where the findings of fact by the court sustain the decree, this will be sufficient, although the evidence is not preserved in the record by certificate.

10. DECREE PRO CONFESSO—*whether proof required.* Where the bill is taken for confessed, the sufficiency of the evidence admitted to sustain the decree can not be considered in this court. In such case a decree may be rendered without any evidence, and the only inquiry admissible on error is as to the sufficiency of the allegations of the bill.

11. LACHES — *of the pleadings, to present that defence.* Where the defence of *laches* is not interposed by the answer to a bill in chancery, and the bill does not seek to explain and excuse the delay, evidence of such defence is inadmissible.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Bill was filed by Margaret Hannas, in the office of the clerk of the circuit court of Cook county, on the 28th of August, 1880, wherein, among other things, it was alleged, that in pursuance of an ante-nuptial agreement, which is previously recited, she, and her husband, John C. Hannas, conveyed a lot located in Chicago, specifically described, to Homer Cook, in trust, that he should reconvey an undivided half of said lot to said John C. Hannas at the end of one year from that time, if said Hannas should, before that time, erect, build and finish upon said premises, in good and workmanlike man-

ner, a frame dwelling house of the value of $2000, and should also, during said time, fence said lot, in good and workmanlike manner, said Hannas furnishing all the materials, of every kind, for said house and fence; and said trustee was to hold the other undivided half of said lot for said Margaret Hannas, her heirs, etc.; that it was further expressly provided, in and by said deed of trust, that if said John C. Hannas should fail, neglect or refuse to erect said dwelling house or fence on said lot, as and within the time provided, then said trustee was to hold all of said lot for the sole and separate use of the said Margaret Hannas, her heirs, etc., forever, free from the control, disposal, interference, debts and liabilities of the said John C., and the said trustee was to permit her to collect all rents to her sole and separate use, and she was to have full and absolute power to encumber or grant said lot, as if she were sole and unmarried. It was further therein alleged that the said John C. Hannas failed, neglected and refused to erect the dwelling house and fence the lot according to the terms and provisions of said trust deed, and that the said Margaret thereby became entitled to have all said lot, with the appurtenances thereon, to be held in trust for her sole and separate use, free from the control, disposal, interference, debts and liabilities of the said John C., with full and absolute power of conveying, etc.; that said John C. refuses to convey, but demands $1000 for his interest, etc. John C. Hannas is made defendant, and required to answer without oath, and it is prayed that said Margaret be decreed to have all of said lot held in trust for her use and benefit, as provided in said deed of trust, and that all the rights and interests of the defendant therein be declared forfeited, and that he be forever barred from asserting any title and interest whatsoever therein; and the bill concludes with a prayer for general relief.

An affidavit of Margaret Hannas was, at the same time, filed with the bill, which, after the caption, states that the

defendant is a non-resident of the State of Illinois; that she has made due inquiry to learn his place of residence, and is unable to ascertain the same; that his last known place of residence, so far as her personal knowledge goes, was Chicago, Illinois, which place he left about six years before, and, as she is informed and believes, went to California, and two years before, she was informed, he was in San Francisco. Notice was published in the "Chicago Legal News," reciting the issuing of summons, when returnable, the affidavit of non-residence, etc., of which a certificate was filed with the bill; and the clerk also filed therewith a certificate that he mailed a copy of such notice to the address of the defendant, at San Francisco.

On the 20th of October, 1880, the defendant having made default, it was ordered that the bill be taken as confessed by the defendant. On the 8th of November, 1880, it was referred to the master in chancery, to take and report evidence in the cause. He made his report on the 2d of December, 1880, and reported, among other things, that the trustee, Homer Cook, testified that on the 20th of September, 1880, he received a letter in the defendant's handwriting, and signed by him, inclosing a copy of the notice by publication of the pendency of this suit. The letter was dated San Francisco, California, September 13, 1880, and post-marked at the same place, and made inquiry about the suit. The substance of the decree is as follows, after the caption:

"And now on this day comes the complainant, by Cook & Upton, her solicitors, and it appearing here, from the affidavit on file, that defendant is not a resident of Illinois, and that due notice of the pendency of this proceeding has been given by the publication, for at least four weeks, successively, by notice in the 'Chicago Legal News,' the first insertion being August 28, 1880, prior to the first day of the October term, 1880, of this court, and by mailing a notice thereof to defendant at San Francisco, California, within ten days from the

first publication of said notice, and the said John C. Hannas, defendant, having been severally three times called in open court, to plead, answer or demur to the complainant's bill, came not, but herein made default, it is therefore ordered, adjudged and decreed that the same be taken for confessed against the said defendant. And the court having ordered a reference to a master to take proofs of the matters stated in the bill, and the said master having made report thereof to the court, which said report is hereby approved and confirmed, and this cause coming on for a final hearing upon the bill and master's report, and the court being fully advised in the premises, doth find: That the allegations in said bill are true; that the court has jurisdiction of the subject matter and the parties in the cause; that the defendant, John C. Hannas, received the notice required to be sent him, by mail, at San Francisco, California; that complainant, on April 27, 1868, was a widow, and the owner in equity and entitled to a deed of sub-lot 9, aforesaid; that on said date John Boyd conveyed to defendant, with complainant's consent; that said conveyance was made to defendant, in trust for complainant, upon certain conditions, to-wit: That defendant should, within one year, erect upon said premises a house of not less value than $2000, should fence said premises and keep down the taxes, and in default of so doing was to hold the premises for the sole and separate use of complainant; but should he perform his said covenants in good faith, then an undivided half of said premises was to be conveyed to defendant in fee, and the remaining undivided one-half to be held in fee by complainant; complainant and defendant intermarried April 30, 1868, and cohabited until 1875; November 20, 1868, complainant and defendant conveyed to Homer Cook, as stated in the bill; that said defendant wholly failed to perform the covenant entered into by him; that he failed to build the fence; * * * that he failed to build a good, substantial house, within one year, at his own cost, but built

a poor dwelling house, continually in need of repair, and the cost of which was largely paid by complainant from her own means, and which was not completed sufficiently for a residence until nearly three years after the date of said deed; that defendant has not kept down the taxes, but complainant has paid them since 1875; defendant, without sufficient cause, deserted complainant for five years. It is therefore ordered, adjudged and decreed by the court, that the rights and interests of defendant, John C. Hannas, in and to said real estate, under and by virtue of anything in said deed of trust to said Homer Cook recited or contained, or otherwise, be forfeited, and that said defendant be forever barred and foreclosed from claiming or asserting any right, title or interest whatsoever therein, and that the complainant, Margaret Hannas, have all of said real estate held in trust for her, and for her use and benefit, as in the way and manner provided in said deed of trust to said Homer Cook."

Homer Cook, the trustee, indorsed on the decree the following:

"I hereby consent to the entering of the within decree, and agree to hold the title to the premises therein described, in trust, as declared and defined by the said decree, or by any decree the court may enter in said suit, and hereby consent to be made a party thereto.                    HOMER COOK."

"Witness:   E. L. Upton."

After the rendering of the above decree, and before suing out this writ of error, Mary E. Knowles purchased the lot from the complainant, and at the request of the complainant, the trustee, Homer Cook, conveyed said lot to said Mary E. Knowles, a part of the purchase money therefor having been paid before suing out the writ of error, and the balance being secured by the notes and mortgage of said Mary E. Knowles and her husband, and said Mary E. Knowles is made a party to the writ of error as a *terre tenant.*

Numerous errors are assigned, fully raising all the questions discussed in the opinion.

Mr. CONSIDER H. WILLETT, for the plaintiff in error:

The trustee was a necessary party, and a decree without making him a party was a nullity. In litigation respecting trust property, both the trustee and *cestui que trust* must be made parties. *Scanlan* v. *Cobb*, 85 Ill. 296.

As to necessity of making all persons having an interest parties, counsel cited *McGraw* v. *Bayard*, 96 Ill. 146; *Hopkins* v. *Roseclare Lead Co.* 72 id. 373; *Brown* v. *Riggin*, 94 id. 560; *Rees* v. *Peltzner,* 75 id. 475; *Shinn* v. *Shinn*, 91 id. 477; *Roberts* v. *Fleming*, 53 id. 196; *Hellman* v. *Schneider*, 75 id. 423; *Harris* v. *Cornell*, 80 id. 54; *Atkins* v. *Billings*, 72 id. 597; Story's Eq. Pl. secs. 207, 209.

The issuing of a summons was essential to give the court jurisdiction. *Jacobus* v. *Swett*, 14 Ill. 359.

Purchasers are held chargeable with notice of everything which a man of ordinary caution and prudence ought to know when his attention is directed to the facts, or to those channels which would lead to the truth. The law will not allow him to shut his eyes to the information necessarily indicated by the process under which he claims. *Hamilton* v. *Quimby*, 46 Ill. 90; *Doyle* v. *Teas*, 4 Scam. 249; *Scott* v. *Moore*, 3 id. 319.

The purchaser was bound to know that the decree was a nullity unless Homer Cook, the trustee, was made a party to the suit.

Mr. CHARLES H. FERRY, for the defendant in error, Margaret Hannas:

The correct mode of taking advantage of the want of a necessary party is by demurrer, when the defect appears on the face of the bill. Objection can not be made, on error, after the bill has been taken for confessed. *Burger* v. *Potter*, 32 Ill. 66; *Stookey* v. *Carter et al.* 92 id. 129.

If an error was committed in this regard, it did the plaintiff in error no injury, and would be no ground for reversing the decree. *Stookey* v. *Carter et al.* 92 Ill. 133.

The trustee consented, in writing, to be made a party defendant, and to the entry of the decree. It was not necessary that the decree should recite it was entered by consent. *Haas* v. *Chicago Building Society*, 80 Ill. 248.

It appears that the record fails to show any summons, but the clerk, in the notice to the defendant as a non-resident, states that a summons was issued, which is sufficient under the rule laid down in the cases of *Tompkins et al.* v. *Wiltberger et al.* 56 Ill. 35, *Tibbs* v. *Allen*, 27 id. 119, and *Millett et al.* v. *Pease et al.* 31 id. 377.

Messrs. SCHUYLER & FOLLANSBEE, for the purchaser and *terre tenants:*

Subsequent purchaser is not affected by reversal of decree. *McJilton* v. *Love*, 13 Ill. 486; *Goudy* v. *Hall*, 36 id. 316; *Feaster* v. *Fleming*, 56 id. 457; *Horner* v. *Zimmerman*, 45 id. 14; *Harris* v. *Lester*, 80 id. 307; *Eldridge* v. *Walker*, id. 270; *Mulvey* v. *Gibbons et al.* 87 id. 367; *Wadhams et al.* v. *Gay*, 73 id. 415; *Guiteau* v. *Wisely*, 47 id. 433; *Barlow et al.* v. *Standford et al.* 82 id. 298.

One voluntarily becoming a party will be bound. *Walker* v. *Abt et al.* 83 Ill. 227; *Short et al.* v. *Raub*, 81 id. 509; *Horner* v. *Zimmerman et al.* 45 id. 16; *Greenman* v. *Harvey*, 53 id. 386.

The absence of the summons from the record will not overcome the *prima facie* evidence that one was properly issued and duly returned, the decree having found "that the court had jurisdiction of the subject matter and the parties in the cause." *Prout* v. *The People ex rel.* 83 Ill. 154; *Turner et al.* v. *Jenkins*, 79 id. 228; *Miller* v. *Handy*, 40 id. 448; *Mulvey* v. *Gibbons et al.* 87 id. 367; *Haworth* v. *Huling et al.* id. 23.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Inasmuch as the circuit court unquestionably had juris-
diction of the subject matter of the litigation, if it also had
jurisdiction of the persons affected by the decree, it must
follow, that so far as Mary E. Knowles is concerned, the
errors assigned in regard to the admissibility and sufficiency
of the evidence are unimportant, for, being a purchaser in
good faith, while the decree was unreversed and in full force,
she will be protected, although there may have been error in
rendering the decree. *Barlow et al.* v. *Standford et al.* 82 Ill.
298; *Mulvey* v. *Gibbons et al.* 87 id. 367; *Wadhams* v. *Gay*,
73 id. 415.

First, then, was the notice to the defendant, John C. Han-
nas, sufficient? The 12th section of chapter 22, of the Re-
vised Statutes of 1874, entitled "Chancery," is as follows:
"Whenever any complainant, or his attorney, shall file in the
office of the clerk of the court in which his suit is pending,
an affidavit showing that any defendant resides or hath gone
out of this State, or on due inquiry can not be found, or is
concealed within this State so that process can not be served
upon him, and stating the place of residence of such defend-
ant, if known, or that upon diligent inquiry his place of resi-
dence can not be ascertained, the clerk shall cause publication
to be made in some newspaper printed in his county, * * *
containing notice of the pendency of such suit, the names of
the parties thereto, the title of the court, and the time and
place of the return of the summons in the case; and he shall
also, within ten days of the first publication of such notice,
send a copy thereof by mail, addressed to such defendant
whose place of residence is stated in such affidavit." The
affidavit here filed fully conforms to these requirements. It
alleges that complainant "has made due inquiry to learn the
place of residence of the defendant, John C. Hannas, and is
unable to ascertain the same; that his last known place of

residence, so far as her personal knowledge goes, was the city of Chicago, in this State, which place he left about six years ago, and, as she is informed and believes, he went to California, and about two years ago she was informed he was in San Francisco, in the State of California, since which time she has, upon due inquiry, been unable to find where he is residing." Assuming, as for the present question we must, that these allegations are true, we can not conceive how the affidavit could have been any more full and specific. The notice published also fully conformed to the requirements of the section. It contained a notice of the pendency of the suit, the names of the parties thereto, the title of the court, the time and place of the return of the summons, and that a summons had been issued so returnable.

It not only appears by the clerk's certificate that the clerk had sent a copy of the notice by publication, by mail, addressed to the defendant, John C. Hannas, at his last known place of residence, as stated in the affidavit,—*i. e.*, "San Francisco, California,"—but it is proved by other unquestioned evidence that such defendant actually received such notice before the return day of the summons, and in ample time to have made defence to the suit. We do not think the mere fact that no summons is found in the record can be regarded as sufficient to overcome the presumption that the clerk did his duty and issued one, the positive recitals in the notice published by him, and the inference to be drawn from the recitals in the decree that due notice of the pendency of the suit was given. The tendency of our decisions is directly the other way. The logical deductions to be drawn from them sustain the sufficiency of this notice. *Tompkins* v. *Wiltberger et al.* 56 Ill. 385; *Millett et al.* v. *Pease et al.* 31 id. 377; *Tibbs* v. *Allen,* 27 id. 119; *Prout* v. *The People ex rel.* 83 id. 154; *Turner et al.* v. *Jenkins,* 79 id. 228; *Miller* v. *Handy,* 40 id. 448; *Mulvey* v. *Gibbons et al.* 87 id. 367; *Haworth* v. *Huling et al.* id. 23. It is made morally certain here, by the evi-

dence, that the defendant, John C. Hannas, was not, in fact, in Cook county, or anywhere else in this State, between the date of the filing of the bill and the term to which the summons was, if issued, returnable, and hence that it would have been impossible that the summons should have been personally served upon him; and he was, in fact, personally furnished with a copy of the notice by publication, and so he had all the notice that he needed, and all that is contemplated by the statute in such cases. We think there was ample jurisdiction of the person.

*Second*—The only object in making Cook, the trustee, a defendant, is to bind him by the decree. We are unable to perceive why he might not, as he has done, waive the necessity of a formal summons in that regard, and come in, on the hearing, and consent to be treated as a party to the decree, and to be bound by it. He here indorses upon the decree: "I hereby consent to the entering of the within decree, and agree to hold the title to the premises therein described, in trust, as declared and defined by the said decree, or by any decree the court may enter in said suit, and hereby consent to be made a party thereto." Surely one may voluntarily consent to be bound by a decree, although not a formal party thereto. But it is quite clear, even if the omission of this party was error, it is not an error that affects the defendant, John C. Hannas. Cook was a mere dry trustee, having no interest whatever in the property affected by the decree. It was a matter of indifference to the discharge of his duties, whether the complainant was entitled to the relief she sought or not. The real and only controversy was between Margaret and John C. Hannas, and so any error there may have been in omitting to make Cook a party to the bill can not now be urged as ground of reversal by the defendant, John C. Hannas. *Walker* v. *Abt et al.* 83 Ill. 227; *Short et al.* v. *Raub,* 81 id. 509; *Horner* v. *Zimmerman et al.* 45 id. 16; *Greenman* v. *Harvey,* 53 id. 386.

So far, then, as Mary E. Knowles is concerned, there is no error by which she can be affected. But we are also of opinion the record discloses no substantial error in respect of the admission of evidence, or the sufficiency of the evidence to sustain the decree. The fact that there was no objection to the admission of any evidence is a sufficient answer to the objection that secondary evidence was improperly admitted. Theoretically the defendant was in court, and no principle is better settled than that a party can not stand by and permit improper evidence to be given, and object to its competency for the first time in this court. There was no certificate of evidence, and whether all the evidence is preserved in the record, we can not, therefore, know. The findings sustain the decree, and that is sufficient. *Walker* v. *Carey*, 53 Ill. 470.

But again, in this case the bill was taken *pro confesso*. In such case, although evidence is admitted, its sufficiency to sustain the decree can not be considered. The decree may be rendered without any evidence, and therefore the only inquiry admissible is as to the sufficiency of the allegations of the bill. *Boston* v. *Nichols*, 47 Ill. 353; *Gault* v. *Hoagland*, 25 id. 266; *Stephens* v. *Bicknell*, 27 id. 444; *Harmon* v. *Campbell*, 30 id. 25; *Manchester et al.* v. *McKee*, 4 Gilm. 511.

The objection that complainant was guilty of *laches* in not filing her bill, is not tenable. No such defence is interposed in the answer, nor does the bill seek to explain and excuse the delay, as in *Hall* v. *Fullerton*, 69 Ill. 448, and *Williams* v. *Rhodes et al.* 81 id. 571, and evidence of such defence would therefore have been inadmissible. (*Trustees* v. *Wright*, 12 Ill. 432.) But even if the pleadings were, in this respect, sufficient, there is nothing in proof to show that any shorter period of limitation should be applied than that prescribed by the statute.

The decree must be affirmed.

*Decree affirmed.*