## Frank Wood and Charles C. Arnold v. Hans A. Calland.

1. FRAUDULENT CONTRACT—*Must be Disaffirmed upon Discovery.*— A party who claims to have been defrauded must disaffirm the contract at the earliest practicable moment after having discovered the fraud.

**Bill to Correct a Deed.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed November 27, 1899.

**Statement.**—In August, 1892, appellee purchased a farm in Arkansas from one Major. The premises were subject to a mortgage and were conveyed by a warranty deed which contained the following assumption clause : " This conveyance is given subject to a mortgage of $4,000 and interest, * * * which the second party expressly assumes and agrees to pay."

Appellant Wood is the holder and owner of the mortgage claim. He has foreclosed his mortgage in the courts of Arkansas. The sale upon foreclosure realized less than

enough to satisfy the mortgage debt. To recover the amount of the deficiency Wood brought suit at law upon the assumption undertaking against appellee in Cook county, Illinois. Appellant Arnold was his attorney in such suit. Before the suit had proceeded to final judgment appellee filed his bill in chancery, alleging that the assumption clause had been fraudulently inserted in the deed, asking that appellants be enjoined from prosecuting the suit at law, and that the deed from Major to appellee be reformed by striking out the assumption clause.

The amended answer of appellant Wood denies the allegations of fraud and sets up *laches* of appellee as barring relief.

Upon bill, answer and replication thereto, a hearing was had and a decree was entered which is, in substance, as follows: Finds that in August, 1892, appellee made an agreement with Major to purchase property described in bill subject to mortgage of $4,000; that this agreement was performed by appellee in full; that Major and wife executed and delivered to appellee a deed conveying the Arkansas property; that the same was sent to the recorder of Lawrence county, Arkansas, who refused to accept the same on account of an informality in the execution thereof; that appellee prepared a new deed, similar in form to the other, but correcting the mistake pointed out by the recorder, and sent the same to Major, where he resided in Kansas, to have the same executed; that Major, or his agent, interlined in said deed the words, " which the second party expressly assumes and agrees to pay," referring to the mortgage for $4,000 on said property, and thereafter executed and acknowledged the deed and returned it to the office of appellee in Chicago; that said deed was received in appellee's office during his absence from the State of Illinois; that said absence was known to Major; that deed was sent to Lawrence county, Arkansas, for record, by the son of appellee, then a minor; that appellee did not know of the interlineation until after the deed was recorded; and never assented to said interlineation in any way, and never agreed

to assume or pay said mortgage; that the said interlineation was a fraud upon appellee, and that appellee is entitled to have the deed reformed and the said clause stricken from said deed.

The court further finds that appellant Wood purchased the note and mortgage for $4,000 on the Arkansas property, and caused the same to be foreclosed, and bid in the property for a portion of his claim, viz., $2,500, which left a deficit, after crediting the same, of $2,758.20; and that appellee was not a party to said suit; that a deed was obtained under the foreclosure sale, running to Wood.

The court further finds that in May, 1895, Wood began a suit on the law side of this court, against appellee, for the said balance of $2,758.20, and that said suit is still pending and undetermined.

It is thereupon ordered, adjudged and decreed that the prayer of the bill in said cause be granted; that the deed from Major and wife to Calland, dated August 25, 1892, and conveying the Lawrence county, Arkansas, property, be reformed by striking out the words, "which the second party expressly assumes and agrees to pay," and Wood and Arnold be perpetually enjoined from prosecuting the said suit against Calland, and from prosecuting or attempting to prosecute any claim or suit against Calland on account of any deficiency arising under the decree entered in the foreclosure suit begun by said Wood to foreclose said mortgage.

There was evidence tending to sustain all the material findings of the decree. There was also evidence to sustain the defense relied upon in the amended answer of appellant Wood, viz., that appellee had been guilty of such *laches* as should bar relief. The evidence in that regard is, in substance, as follows: The deed containing the assumption clause in question was executed by Major in September, 1892, and was received at the office of appellee early in October, 1892, and at once returned to the recorder of Lawrence county, Arkansas, for the purpose of having it recorded. It reached the office of appellee during his

absence from Chicago, and was returned by his son without knowledge of appellee. Appellee testified upon the trial that he first heard that the deed contained the assumption clause in April, 1895. His testimony to this effect was in the following terms : " So far as I remember, I did not see it until I got it in April, 1895." In his testimony, given in connection with the suit at law, however, appellee testified directly that he knew of the assumption clause in the latter part of December, 1892. His testimony was as follows : .

" Q. When did you first see that deed after you sent it to Major as you have stated ? A. In the latter part of December, 1892.

" Q. When did you first observe the interlineation you have spoken of after the words 1892, and thereafter, which you say is not in your handwriting ? A. A few days after the deed was received, a deed was made out to Thomas Scott, * * * to whom I sold my equity, * * * and I then noticed the interlining in this deed."

It appears from the evidence that on February 23, 1893, appellee sold and conveyed the land in question to a Mrs. Jenkins, who immediately deeded the property to one Scott. On September 20, 1893, after he had conveyed his equity to Mrs. Jenkins, appellee wrote the following letter to an agent of appellant Wood :

" I received to-day a letter from Thos. J. Scott in Porter, Arkansas, and I send you a copy so far as it concerns the Loan Company. ' In the matter of the Deed Trust Loan Company debt will say that I am trying to get Loan Company to give me extension to January 1, 1894, so I can meet debt without any additional costs. Don't know whether they will grant my request or not. But if they do not 1 will (if they sell) redeem premises. I know I have ninety acres in watermelons, five acres in cantelopes, 105 acres in corn, so with average crop and fair prices can pay farm out without any inconvenience to myself; besides I will dispose of other that I have to help me out in the event of my crop not turning out well.' Scott has such a crop as he says and if you take possession of farm now, you will have no trouble of getting all interest paid up at once. Such a crop as he is speaking about must be worth $2,000 to $3,000. There is no excuse for Scott not paying up interest at once. I am the one that got it in the neck.

"In confidence—I have it from a party in Walnut Ridge that Thos. J. Scott may try to get all he can out of farm this summer and then let you foreclose. Better get your interest in full—he will pay that if you take possession."

The decree contains no findings of the court as to when appellee first learned of the assumption clause in his deed. From the decree this appeal is prosecuted.

CHARLES C. ARNOLD, attorney for appellants.

N. M. JONES, attorney for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

We are of opinion that the findings of the decree are supported by the evidence, in so far as they find that the assumption clause was inserted in the deed without knowledge of appellee, and that when the deed was sent by appellee's son to the recorder, appellee was not aware that the clause had been interlined.

The only question presented is whether, notwithstanding the facts established by this evidence, the appellee is barred from any relief by his own *laches*. The decree contains no finding as to when appellee first learned of the assumption clause in the deed. We regard the evidence as such as would warrant the chancellor in finding that there had been such *laches* as would defeat any relief. The evidence would have very amply sustained a finding by the chancellor that appellee learned of the assumption clause in the deed by which he held title to the property, as early as in December, 1892.

Appellee states in his testimony upon the trial that he first knew of the clause in the deed in 1895, but his testimony is not positive in form, and it is directly contradicted by his positive testimony given in the suit at law and introduced upon this trial by consent, to the effect that he did know of the clause in December, 1892, when he copied it in making the deed to Mrs. Jenkins. It is scarcely possible that he could have copied the deed without noticing this

clause.   His letters tend to show that he knew of the clause
and was aware of his liability therefrom arising.   Yet he
did nothing whatever to disaffirm his assumption of liabil-
ity, according to the terms of the clause, until January 15,
1897, when the bill of complaint was filed in this cause—
unless it may be said that he expressed such disavowal
by his defense to the suit at law interposed in 1895.   What
the defense was as interposed by appellee in the suit at
law can not be determined from the evidence as abstracted.
But if it appeared that in 1895, by his defense in the
suit at law, appellee had in effect disavowed the accept-
ance by him of the deed containing the clause, yet
there would have intervened the period between Decem-
ber, 1892, and May, 1895, during which appellee, with
knowledge, remained silent and permitted appellant Wood,
as the owner of the mortgage claim, to rely upon this
undertaking of appellee, as expressed in the assumption
clause.   A serious question as to *laches* of appellee which
would bar relief would be presented by this state of facts.
If, on the other hand, the court found that there was knowl-
edge in December, 1892, and no disavowal of liability until
the filing of the bill of complaint in 1897, the conclusion as
to such *laches* would be almost unavoidable.   Cox v. Mont-
gomery, 36 Ill. 396; Hall v. Fullerton, 69 Ill. 448; Perry v.
Pearson, 135 Ill. 218; Greenwood v. Fenn, 136 Ill. 146;
Day v. The F. S. Investment Co., 153 Ill. 293; Sutter v.
Rose, 169 Ill. 70; Morey v. Pierce, 14 Ill. App. 91.

The rule announced by these decisions is that a party
who claims to have been defrauded must disaffirm the con-
tract at the earliest practicable moment after having dis-
covered the fraud.   In Sutter v. Rose, *supra*, this rule is
applied to facts very similar to the facts of the case under
consideration.

The defense of *laches* of appellee was set up by the
amended answer of appellant.   There was evidence strongly
tending to show such *laches*.   The decree fails to find when
appellee first had knowledge of the assumption clause.
The evidence fails to disclose, and the decree does not find,

whether there was disaffirmance of the contract in 1895, or for the first time in 1897.

We are of opinion that upon this state of the record the decree must be reversed and the cause remanded.