## Mary L. Farrell, Appellee, v. John Farrell, Appellant.

## Gen. No. 5,094.

1. SEPARATE MAINTENANCE—*when proceedings to determine issues irregular.* A case should not be tried piecemeal. It is improper to first refer to a master one of the defenses interposed and after the determination of such issue to then refer the balance of the case to such master for determination.

2. SEPARATE MAINTENANCE—*what does not affect right to allowance of temporary alimony.* The alleged existence of an ante-nuptial contract precluding the right of the wife to alimony etc. in the event that she should live separate and apart from her husband, does not bar such wife of the right to temporary alimony pending the determination of the issues in such proceeding, one of which brings into question the validity of such ante-nuptial contract.

3. SEPARATE MAINTENANCE—*when method of making allowance for solicitor's fees improper.* It is improper for the court to award solicitor's fees to a wife in advance of the rendition of the services at a specified rate per day.

4. PLEADING—*how new matter to meet allegations of answer in chancery must be set up.* Where an answer in equity sets up new matter which requires to be met by the complainant by pleading other facts, it must be done by amendment to the bill of complaint.

5. PLEADING—*how issues cannot be made in chancery.* Issues in chancery cannot be formed by affidavit.

Separate maintenance. Appeal from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding. Heard in this

court at the October term, 1908. Affirmed in part, reversed in part and remanded. Opinion filed March 24, 1909.

**Statement by the Court.** Appellee is the wife of appellant, and filed against him a bill for separate maintenance, alleging extreme and repeated cruelty. Appellant answered, denying all charges of cruelty, assailing the conduct of appellee, and setting up as one defense an ante-nuptial contract which, if valid, would relieve appellant of the duty of maintaining appellee while living separate from him. Appellee then applied to the court for alimony and solicitor's fees *pendente lite.* The ante-nuptial contract set up in the answer contained a provision that if separate maintenance proceedings were instituted each party should pay his or her own solicitor's fees and other expenses pending the suit. The court referred to the master the question of the validity of the contract, with directions to hear proofs and report his findings upon that subject, and reserved the question of alimony till the coming in of the report of the master. The master took and reported proofs upon that subject. The proofs showed that an ante-nuptial contract was executed; that it was destroyed the next day after the marriage; that each party now charges that the other party destroyed it; that two or three days after the marriage they prepared another contract, in tenor the same as the first, except that it allowed appellee a widow's award, which the first did not; and that this contract was dated back prior to the marriage and executed by appellee by her former name, as if the marriage had not taken place. There was proof as to the circumstances attending the execution of each contract. The master reported that each of these contracts was void. The master overruled objections by appellant to said report, and they were refiled as exceptions thereto. The court entered a decree that said ante-nuptial contract was not binding upon appellee and would not prevent her obtaining a decree for separate maintenance if the evidence to be taken in the cause

should show that she was otherwise entitled thereto; and also upon proofs heard in open court as to solicitor's fees, decreed that $100 was a usual, reasonable and customary solicitor's fee for preparing the bill of complaint and examining the questions of law and fact pertaining to the cause; that a further sum of $75 had theretofore been ordered by the court for appellee's solicitor's fees; and that those sums be paid by appellant to appellee within ten days. The court further found that the usual, customary and reasonable solicitor's fees for thereafter taking testimony before the master and attending the hearing of the cause would be $25 per day and further decreed that appellant pay appellee for her solicitors $25 per day for each day while necessarily engaged in the taking of testimony and the hearing of the cause before the master, and that said sum be paid upon the filing in court of the report of the master, to whom the cause was then referred with directions to take the testimony and report his findings and conclusions, and to proceed as though said ante-nuptial contract had not been executed. The decree reserved the question of temporary alimony for future consideration. This is an appeal from that decree by defendant below.

SHEEN & MILLER, for appellant.

GRANVILLE A. STULTZ and WILLIAM BARNES, for appellee; JAMES A. CAMERON, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

By the course pursued the court below tried one of the defenses set up by appellant in his answer, and decided that issue against him, and entered a decree that the ante-nuptial contract is void, and then sent the cause to the master to try other issues. A case should not be tried by piecemeal, and all the issues should be tried at the same time, unless special reasons exist for a contrary course; and none appear here suf-

ficient, in our opinion, to justify that course. The evidence before the master on the reference as to the validity of this contract was not confined to that topic but naturally included all the relations of appellee and appellant.

Again, no issue had been made up concerning the ante-nuptial contract. Appellee had filed an affidavit asserting that the first contract had been destroyed by mutual consent, and that the second was invalid; but issues in chancery cannot be made up by an affidavit. Nor would it have been proper chancery pleading for appellee to meet the allegations of the answer relative to the ante-nuptial contract by a special replication, as seems to be supposed in argument. That would be the course of pleading at law. But under the present rules of equity pleading, where an answer in equity sets up new matter which requires to be met by the complainant by pleading other facts, it must be done by an amendment to the bill of complaint. Story's Eq. Pl., secs. 878, 884; Hall v. Fullerton, 69 Ill. 448; Walker v. Ray, 111 Ill. 315; Harding v. Durand, 138 Ill. 515; Kerfoot v. Billings, 160 Ill. 563, 571; Fitch v. Miller, 200 Ill. 170, 184. If, however, the new matter in the answer is to be questioned as insufficient in law, exceptions to such parts of the answer should be filed and the exceptions should be heard upon such matter of law. Issues had not been made up when this reference to the master was made, and it was premature.

It is true that the alleged ante-nuptial contract contained a provision relieving appellant from temporary alimony and solicitor's fees in any suit for separate maintenance, but appellee is the wife of appellant and has the right to question the validity of such a contract, and where, as here, she is without means and her husband has abundant means, we do not doubt the propriety of awarding her temporary alimony and solicitor's fees while she is litigating the validity of the contract. "While the matters in controversy are being litigated, the wife will be presumed to be entitled

to support until it is shown, by the result of the trial, that her claim is forfeited." Newman v. Newman, 69 Ill. 167. Jenkins v. Jenkins, 91 Ill. 167. In Harding v. Harding, 144 Ill. 588, it was held that it was no objection to an allowance of alimony *pendente lite,* in a suit for separate maintenance, that the husband denies what the wife alleges; that the purpose of the trial is to ascertain the truth in respect to the issues made by the bill and the answer, and that the purpose of the allowance is to enable the wife to present her cause properly. We therefore approve the allowance of the $175.

We are of opinion that the court should not have made an allowance in advance of $25 per day for the future hearing before the master, and require it to be paid when his report was filed. This would tend to cause appellee's solicitors unduly to protract the hearing before the master. A disposition to make the hearing lengthy is shown by the testimony of one of appellee's solicitors that it will require six weeks to try this case before the master. The first ante-nuptial contract was discussed but a day or two before it was executed; it was executed the day before the marriage; it was destroyed the next day after the marriage; the second contract was executed the second or third day after the marriage, and the parties separated a few days later. They lived together only a few days. The circumstances lie within a small space of time. The questions are not complicated. We see no reason why the cause should not be tried in a day or two. To impose upon appellant an expense of $25 per day for six weeks would be an outrage upon him, unless he shall thus protract the hearing. Moreover, the effect of this order is to allow the master to fix the number of days necessarily occupied with the hearing and to require appellant to pay $25 for each such day, without submitting to the court the propriety of the time allowed. This power cannot be conferred upon the master. Boston v. Nichols, 47 Ill. 353; Wilhite v. Pearce, 47 Ill. 413; Cowan v. Kane, 211 Ill. 572.

The order is affirmed as to the allowance of $175, and in all other respects it is reversed, and the cause is remanded. Each party will pay one-half the costs of this court.

*Affirmed in part, reversed in part and remanded.*