## In re GORDON.

### (District Court, S. D. California, S. D. May 7, 1918.)

#### No. 2770.

1. EQUITY ⬥395—POWERS OF SPECIAL MASTER—INJUNCTIONS.
    There is no authority in a special master per se, and in the absence of a special statute none can be granted him by the court, to make an order in the nature of an injunction.

2. EQUITY ⬥395—POWERS OF SPECIAL MASTER—INJUNCTIONS.
    Equity rule 62 (198 Fed. xxxvi, 115 C. C. A. xxxvi), defining the powers of masters, confers no authority on a special master to grant an injunction.

In Bankruptcy. In the matter of A. M. Gordon, bankrupt. On rule to show cause why respondent, M. H. Brown, should not be punished for contempt. Rule discharged.

Bicksler, Smith & Parke, of Los Angeles, Cal., for trustee.
Lynn Helm, of Los Angeles, Cal., for respondent.

BLEDSOE, District Judge. This is an order to show cause why the respondent, M. H. Brown, should not be punished for contempt in

violating an injunctive order made by a referee, acting as special master in the above-entitled proceeding.

[1] It seems that, previous to adjudication in the bankruptcy matter, by an order made by this court, the matter of a receivership in the bankruptcy proceeding was referred to one of the referees of this court, "as special master," for the purpose "of hearing any petition and with power to make such orders as may, in the opinion of such special master, be necessary for the proper administration and collection of the assets of said estate by the receiver," etc. Upon such hearing, it having developed that respondent, Brown, had in his possession moneys alleged to belong to the bankrupt herein, it was thereupon ordered by said special master that said Brown should not, pending the further order of the court, dispose of any of said moneys so held by him. It appears from the petition for the order to show cause that this order so made has been violated, and the simple question involved in the matter is: Should the court now punish, as for contempt, a violation of an injunctive order made by a special master?

I have given the matter careful consideration, because of the frequency with which, in bankruptcy proceedings, applications are made for reference to special masters, with authority to such officers to make such orders in the premises as may be required, etc. Diligence of counsel has failed to bring to the attention of the court a single instance where a court of equity or the Chancery Court in England has thus successfully or otherwise attempted to clothe a special master with the powers asserted herein. There is no federal statute to which my attention has been directed that purports to grant to a special master such a power; on the contrary, the plain implication would seem to be (2 U. S. Comp. Stat. §§ 1239, 1241, 1243a) that only certain courts or the judges thereof are vested with this important function. I am therefore constrained to conclude, after examination of the precedents, that there is no authority in a special master per se, and none can be granted to him by the court, to make an order in the nature of an injunction. Under a special statute in South Carolina, such authority seems to have been conferred. Aldrich v. Kirkland, 8 Rich. (S. C.) 349, 353; Norris v. Cobb, 8 Rich. (S. C.) 58. I have been unable to find any other instances.

If it be true, as claimed, that matters may develop upon a hearing which require immediate action, still, as in any other case where immediate action is necessary, in order that substantial loss may not accrue, application for such action must be made to the tribunal duly authorized by law to grant the relief required. The fact that the "king's business requires haste" in itself would not suffice to authorize a special master to issue an injunction, any more than it would authorize the nearest policeman to issue the same sort of an order.

[2] The suggestion has been indulged in that rule 62 of the Rules of Equity prescribed by the Supreme Court (198 Fed. xxxvi, 115 C. C. A. xxxvi), justifies the practice here indulged in, in that under that rule the master is empowered "generally to do all other acts, and direct all other inquiries and proceedings in the matters before him, which he may deem necessary and proper to the justice and merits thereof

and the rights of the parties." This grant of power, however, should be construed in connection with, and limited by, the general grant of power to a special master, and a due appreciation of the reasons for his appointment in a given cause or controversy. The special master is in reality but an arm of the court, to perform certain minor and incidental functions for the court, and in order that it may be advised in the premises with respect to matters pending before it for decision. The duty of the master ordinarily is to take evidence and report his conclusions to the court. These may in certain instances, well known and understood, approach in dignity to the verdict of a jury, or they may, on the other hand, be merely advisory. 16 Cyc. 455. In either event, however, it is the duty and the function of the court, and the court alone, to enter judgment, or to make appropriate orders, based upon the information secured and findings arrived at by the special master. Boston v. Nichols, 47 Ill. 353; Hards v. Burton, 79 Ill. 504.

I see nothing in the rules, and nothing in the practice based upon them, as reported in the adjudicated cases, which would seem to justify the assertion that a special master may be clothed by the court with the power sought to be exerted herein. The fact that a referee was acting as special master, and that such referee, when sitting as a court of bankruptcy, may possess authority to issue injunctions (Bankruptcy Act, § 1 [7]; Collier on Bankruptcy [11th Ed.] 659), cannot affect the situation. The proceeding herein, being before adjudication, might have been referred to any competent master, and the coincidence that the one actually named was also a referee would not in itself enlarge his powers. The reference was to a special master, not to a referee.

It results that the rule to show cause should be discharged; and it is so ordered.